THE CITY OF NEW HAVEN *vs.* HENRY FRESENIUS.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A city charter required the treasurer to deposit all funds of the city in a bank designated by the board of finance. While treasurer of New Haven, the defendant did not deposit its funds in the bank so selected, and the city failed in consequence to receive a considerable sum that would otherwise have been paid as interest on such deposits. In an action to recover this loss it was *held* :—

1. That the city was not limited to an action on the defendant's official bond, but had a concurrent remedy in an action at law to recover damages caused by his breach of duty.

2. That further provision of the charter, requiring sealed bids for city work or supplies, did not apply to the selection of a depositary of

city funds by the board of finance, although it was required to ob-
tain the highest rate of interest consistent with the safety of the
deposits.

3. That inasmuch as the charter expressly required all city funds to be
thus deposited, the treasurer's duty to so deposit was ministerial
and not discretionary.

4. That the action of other city officials in auditing the treasurer's ac-
counts and in not requiring him to deposit his funds as aforesaid,
and their knowledge that he did not so deposit, was not a waiver of
the right of the city to sue nor an estoppel against its recovery.

Argued June 4th—decided July 18th, 1902.

ACTION to recover damages for the failure of defendant,
as treasurer of the city of New Haven, to deposit city funds in
the bank designated therefor by the board of finance, brought
to the Superior Court in New Haven County and tried to the
court, *Shumway, J.;* facts found and judgment rendered for
the plaintiff, and appeal by the defendant for alleged errors
in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Edmund Zacher*, for the appellant (defendant).

*Leonard M. Daggett*, for the appellee (plaintiff).

TORRANCE, C. J. The material facts found are as follows :
The defendant was the treasurer of the city of New Haven
from June 1st, 1899, to June 1st, 1901. His immediate pred-
ecessor in said office was C. S. Mersick, who was, while treas-
urer of the city, also the president of the Merchants National
Bank in New Haven. The defendant during his term of office
was a stockholder and director in the National Tradesmen's
Bank in New Haven. Mersick, while he was treasurer of the
city, deposited the city funds in the Merchants National Bank.
Prior to and during the defendant's term of office the city
charter contained this provision : " All city funds shall be de-
posited in such bank or banks as shall be designated by the
board of finance, whose duty it shall be to obtain the highest
rate of interest therefor consistent with the safety of the de-
posits. All interest upon said deposits shall belong to said

city." On the 10th of May, 1899, Mersick, as president of the Merchants Bank, sent to the board of finance a letter in which said bank offered to pay interest at the rate of two per cent per annum on daily balances of all city funds deposited therein, if said bank should be designated as a depositary of city funds. On the 15th of May, 1899, the board of finance in writing, through the city clerk, asked each of the banks of discount and deposit in New Haven whether it would pay interest on city funds deposited therein, and if so at what rate and on what terms. At a meeting of the board of finance held three days later, the replies of said banks to said communication were read, and it was found that the only bank offering to pay interest on such deposits was the Merchants National Bank; and thereupon said board, among other things, voted as follows: "That this board, in accordance with section 30 of the city charter, hereby designates the Merchants National Bank of this city as the bank in which all city funds shall be deposited until further action by the board of finance, at the rate of two per cent per annum on the average daily balances of the several accounts, the same to be paid monthly to the treasurer of the city, and said interest to begin at once." Notice of this vote was at once sent to said bank, which agreed to accept said designation and to begin to pay such interest on city funds deposited with it after May 19th, 1899, and signified its said acceptance to the board of finance. On June 19th, 1899, said bank paid to the defendant the interest due to the city on daily balances for the month ending June 19th, 1899, under the arrangement aforesaid, and monthly thereafter during his term of office made to him payments of interest of a like nature. No formal notification was given to the defendant by the board of finance that the Merchants National Bank had been so designated as the depositary of city funds; but accounts of the doings of the board with respect to this matter had been published in newspapers and had been read by the defendant; and he had knowledge on June 1st, 1899, that said bank had been so designated. No bids for the deposit of city funds were called for by the board of finance, otherwise than as before stated.

No contract was made or drawn up between the city and the designated depositary, otherwise than as before stated, no bond was required from said depositary, and no record was kept of said designation save upon the records of said board of finance.

When the defendant assumed office on June 1st, 1899, and thereafter until this action was brought, he received the city money from the collector daily, and deposited the same in the National Tradesmen's Bank, in the name of the city, by him as treasurer; and from time to time, to meet orders drawn upon him, he withdrew said funds from said bank and deposited the same with the designated depositary.

The defendant submitted daily to the city controller his cash account as treasurer for the day previous, and the controller examined and approved the same. He also reported to the board of finance on the first of each month an account as treasurer, properly audited and certified by the controller for the month preceding. On the 20th of July, 1899, and quarterly thereafter, the controller submitted to the mayor of the city a report of the condition of the account of the treasurer, and the mayor caused these reports to be submitted to the board of finance. On January 31st, 1900, the controller audited and examined the account of the defendant from June 1st, 1899, to December 31st of that year, showing a "Balance on hand January 1st, 1900, $41,764.17," and indorsed thereon as follows: "This is to certify that I have examined the foregoing report of the city treasurer, and find his statement of receipts and payments correct."

"Neither by said daily, monthly, quarterly, or annual accounts and reports, nor in any other way, were the controller, the mayor, the board of finance, or either of them, informed by the defendant where or in what form the balances, appearing by said accounts and reports as in his hands, were in fact held or deposited," until sometime in October, 1900. The board of finance, soon after June 1st, 1899, had knowledge that the defendant was not making deposits in the Merchants National Bank, and discussed the matter at some of its meetings, but took no action about it, and did not call the atten-

tion of the defendant to his neglect of duty in his respect, until just before this suit was brought. After an investigation as to this matter, begun in October, 1900, the board of finance voted that the corporation counsel be requested to collect from the defendant the damage suffered by the city from the defendant's failure to deposit funds in the designated depositary.

All orders drawn upon the defendant were drawn upon his account at the Merchants National Bank, and were there presented and paid. The defendant believed that the action of the board of finance in designating the depositary was not in accordance with the provisions of the charter, and was illegal and not binding upon him; and in what he did in this matter he " acted in good faith, under the belief that he had a discretion in the choice of a depositary for the city funds." If he had deposited in the designated depositary the money which he deposited in the National Tradesmen's Bank, he would have received thereon as interest the sum of $2,372.84 in addition to the interest which he in fact received from the designated depositary as before stated. By failing to deposit said money in the designated depositary the sum last above named was lost to the city. Upon these facts the defendant made certain claims of law which the court overruled and rendered judgment for the city. The only errors assigned relate to the action of the court in overruling the claims of law.

These claims of law were in substance as follows : (1) that the defendant, if liable at all, is liable only upon his official bond, and this is not a suit upon that; (2) that the designation of the depositary made by the board of finance was not a legal designation ; (3) that under the circumstances the performance of the duty in question was discretionary with the defendant, and having acted in good faith he is not liable in this action; (4) that the city, by the conduct of its officers and agents in this matter, has waived its rights, or is estopped to recover in this action.

These claims will be considered in the order stated. The first claim was properly overruled. That claim concedes that

the defendant may be liable upon his official bond, but denies that the city has any remedy against him save upon the bond. We cannot concur in this view of the matter. The city charter (Special Laws of 1899, p. 399, § 29) provides in effect that "all city funds" shall be deposited by the treasurer in the bank or banks designated by the board of finance. That section expressly imposes upon the treasurer a particular duty for the benefit of the city, and it also, by clear implication, confers upon the city the right to have that duty performed and the right to recover damages for any pecuniary loss caused to it by the breach of that duty. *Bank of Hartford County* v. *Waterman*, 26 Conn. 324. The legislature has not specifically provided the remedy to be pursued by the city for the recovery of such damages, and therefore, on the ground that there can be no legal wrong without a legal remedy, we think the city may resort to any appropriate action provided by law for the recovery of such damages. *Gilbert* v. *Lynes*, 2 Root, 168; *Foot* v. *Card*, 58 Conn. 1, 9; *Smith* v. *Lockwood*, 13 Barb. 209; *Stearns* v. *Atlantic & St. L. R. Co.*, 46 Me. 95; *Ross* v. *Rugge-Price*, L. R. 1 Ex. Div. 269, 273. Assuming, as claimed by the defendant, that the city, for a breach of this duty causing loss to it, could recover in a suit upon the official bond of the defendant, the remedy upon the bond is not by law made exclusive. It is a co-existent and concurrent remedy with the one adopted, cumulative but not exclusive, and the city was at liberty to use both or either to enforce its rights. *Hartford & N. H. R. Co.* v. *Kennedy*, 12 Conn. 499.

We think the designation of the depositary made by the board of finance was a legal designation. The claim that it is illegal is put upon these two grounds, in substance: (1) because in making it the board did not call for sealed bids or proposals in accordance with the provisions of § 156 of the city charter; (2) because the agreement upon which the designation was made, was in contravention of § 153 of the city charter, having been made with Mersick while he was city treasurer.

As to the first ground, it is not well taken. The provi-

sions of § 156 apply, properly, only to certain contracts with the city for work to be done for it, or supplies to be furnished to it, and the designation of a depositary for the deposit of the city funds, under the charter, does not come within those provisions. The second claim has no foundation in fact. Upon the facts found the arrangement with respect to the depositary was made with the bank and not with Mersick as treasurer.

The next claim made is, in substance, that the duty of depositing city funds with the designated depositary was discretionary with the defendant.

In this view we cannot concur. The language of the charter upon this point is mandatory: that "all city funds shall be deposited in such bank or banks as shall be 'designated by the board of finance." If the treasurer properly performs the duty thus laid upon him, he will not be responsible for any loss that may occur to the city by reason of the making of such deposit. It is said that no time is prescribed within which such deposits must be made; but if that be so it follows only that they must be made within a reasonable time after reception of the funds. Under the charter and upon the facts found in this case, the duty of the defendant to deposit city funds in the designated depositary was clearly a ministerial, and not a discretionary one; and what it might be under a different state of facts we have no occasion to consider. The defendant was not formally notified that the Merchants National Bank had been designated as a depositary of city funds by the board of finance; but when he entered upon the duties of his office he had full knowledge of the fact that it had been so designated, and he acted upon that knowledge in keeping and putting city funds there, and in receiving from the depositary interest upon such funds from month to month. He knew that a depositary had been designated, he knew the requirements of the charter as to his duty with respect to that depositary, he knew that the National Tradesmen's Bank had not been designated as a depositary, and he was apparently satisfied that the Merchants National Bank had been properly designated as a

depositary, for he dealt with it as such as to part of the city funds.    Upon the facts found, the mere fact that he supposed he had a discretion in the matter and acted in good faith, cannot avail him in this action.

The last claim is that the city, by reason of the acts of its officers and agents in dealing with the reports of the defendant as treasurer, and in not requiring him to deposit all the city funds with the designated depositary and in not making objection to his course of action, is estopped, or has waived its right to recover in this action.

Upon the facts found this claim is not tenable.    The city officials, other than the board of finance, never knew until after the investigation made in October, 1900, that the defendant was not performing his duty in the particular respect under consideration; and for this reason their action or nonaction cannot be construed as a waiver, even if it be assumed that their action or want of action in this matter could affect the city.    The fact that the board of finance knew of the breach of duty, and did nothing about it, cannot upon the facts found affect the right of the city to recover.    It was incumbent upon the defendant to perform his own duty without being urged or compelled to do so by the other city officials, and without reference to the question whether they did or did not perform their duty; and if they have neglected some duty belonging to them with respect to this matter, there is nothing in the record to show that such neglect should affect the city, or avail the defendant, in this action.

There is no error.

In this opinion the other judges concurred.