## Borough of Susquehanna Depot v. Lannon

*J. L. Carrigg*, for plaintiff.
*John Ferguson*, for defendant.

SMITH, P. J., October 14, 1935.—The above action is in assumpsit, the plaintiff suing to recover the sum of $1,281.61, claimed as illegally retained by defendant as treasurer of said borough as claimed commissions upon borough funds administered by him for the years 1926-1931, inclusive.

It appears from the case stated that the said accounts were duly audited by the regular borough auditors for these years and the defendant allowed such claim; that

said audits were regular and legal and their proceedings conformable to the statutory requirements; that no appeal therefrom was ever taken, as allowed by law, to this court.

On or about October 2, 1933, about two years after all the accounts of the treasurer (defendant at bar) had been "so audited", the borough council employed accountants from outside, who on investigation of said accounts, by their "special audit" determined the treasurer chargeable and liable to repayment to the borough the sum of $1,281.61 now sued for, and therefore this action is brought to recover the same, the learned attorney for the plaintiff contending that, independent of the findings of the regular borough auditors, the defendant is liable for the alleged unlawful retention of said sum.

The issue thus raised is now for our determination, and, if in favor of plaintiff, then judgment to be entered in its favor and against the defendant for said sum and costs, otherwise for the defendant with costs.

From the brief of argument presented by the learned attorney for the plaintiff, it appears he concedes that the findings and reports of the regular borough auditors allowing the defendant the amount now sued for, unappealed from, are final and conclusive upon both parties to this action, unless fraud or concealment of the facts before said auditor can be shown, and he concedes these did not exist. However, he further contends that these facts "do not relieve the treasurer of his liability for his conduct of which complaint is now made", seeking to support this action and the surcharge of the defendant by a general principle cited in 43 C. J. 720, viz.: "An officer mismanaging funds may not defend by pleading knowledge and approval of his unlawful conduct by other officers, nor his own good faith". An examination of the decision upon which this text language is based, viz., City of New Haven v. Fresenius, 75 Conn. 145, 52 Atl. 823, exhibits no analogy to the present controversy.

There had been no previous adjudication of liabilities by audit or otherwise, as at bar, and at 43 C. J. 723, we find it stated: "But where an audit has been regularly made and filed by the proper officials, it has, in the absence of fraud or mistake, the conclusiveness of a judgment, and is valid and binding on the city". A note to this statement cites several cases, among them Pittsburgh v. Ihrig, 256 Pa. 410, in which action taken preceding the action there pending was held not a conclusive adjudication against the defendant. At page 415, Justice Walling states in decisive language that such conclusiveness is the rule "as to the reports of audits when regularly made and filed by the proper officials as the law directs". It applies to the determination of the borough auditors in the present issue.

By reference to article X, sec. 1049, of the Act of May 4, 1927, P. L. 519, 53 PS §12995, we find powers given to such auditors in like manner and to the same extent as any court of common pleas. Their jurisdiction is judicial, and any balances found against any one may be entered into judgment in the prothonotary's office without further action. See section 1045 of article X of the act just cited, 53 PS §12991.

We must conclude that the audit and findings by the accountants later employed are of no significance as affecting the liability of the defendant in the present proceedings. We will not further quote from the Pennsylvania statutes relating to auditors and audits, but only refer to them as easily available in 53 PS §§12981-12999, inclusive.

And now, to wit, October 14, 1935, judgment is directed to be entered in the case stated in favor of the defendant, M. J. Lannon, with costs, and against the plaintiff for costs. From Gerritt E. Gardner, Montrose.