PETER TOLISANO *v.* STATE OF CONNECTICUT ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 90456

Memorandum filed December 20, 1954.

*John W. Newman* and *Francis P. Pallotti,* both of Hartford, for the plaintiff.

*William L. Beers,* attorney general, and *Louis Weinstein,* assistant attorney general, for the defendants.

KING, J. The plaintiff, in 1947, pleaded guilty to an information in two counts. The second count was nolled and need not be considered. The first count charged a violation of § 6221 of the General Statutes, Rev. 1930 (Rev. 1949, § 8877), and of § 1007h of the 1945 Cumulative Supplement (Rev. 1949, § 8413) in an attempt to break and enter a building used for the custody of property with an intent to commit a crime therein. A sentence was imposed of not less than two nor more than five years in the state prison.

After serving two years, six months and eighteen days the plaintiff was discharged on a writ of habeas corpus on the ground, as more particularly set forth in the memorandum of decision, that the statute governing the offense to which he had pleaded guilty was § 6099, Rev. 1930 (Rev. 1949, § 8414), and that under the statute the maximum permissible punishment was two years in the state prison.

The General Assembly, at its 1951 session, enacted Special Act No. 343, entitled "An Act Authorizing Peter Tolisano to Sue the State," and reading as follows: "Permission is granted to Peter Tolisano of Hartford to bring an action against the state to recover damages incurred by reason of his alleged illegal detention in the State Prison." 26 Spec. Laws 234.

This action is brought against the state of Connecticut, the attorney general and the state treasurer, under authority claimed by the plaintiff to have been granted by the foregoing special act.

The defendants have interposed a demurrer to the complaint on four grounds.

The first ground of demurrer is based on the claim that since the plaintiff pleaded guilty to an information correctly charging the crime but referring to the incorrect statute governing the penalty for that crime, he consented to the imposition of any penalty authorized by the inapplicable statute.

This claim is wholly without merit. The General Assembly fixes the maximum penalties for crimes and no prisoner can change them by pleading guilty to an information correctly charging the crime but referring to an inapplicable statute. The plea of guilty admitted guilt of the crime charged. It did not and could not admit to be legal the subsequent imposition of an erroneous and illegal punishment for that crime. *McVeigh* v. *Ripley,* 77 Conn. 136, 141; 35 C.J.S. 575.

Furthermore, the defendants' claim of consent could be supported only on a theory of waiver. Since waiver as a defense must always be specially pleaded it is not available on a demurrer to a complaint. *Crawford Clothes, Inc.* v. *65 Bank Street Realty Co.,* 129 Conn. 682, 686.

The second ground of demurrer is that the state is under no duty to respond in damages for any injury caused by a judicial error.

It is true that a judge who, as in this case, has jurisdiction of the person, the process and the subject matter, is not liable in damages because of the erroneous issuance of an illegal order. *McVeigh* v. *Ripley,* supra, 139, 141. And obviously if a state official himself is not liable in damages the state, as a principal, could not be.

This ground of demurrer is sound except in so far as the state, in the special act, may have assumed

a liability by creating a cause of action which did not otherwise exist.

The third ground of demurrer sets up the claim that the special act merely waived the sovereign's immunity from suit but did not create a cause of action.

It is pretty obvious that there would be no reason for enacting a special act waiving immunity from suit if the suit were destined to fail from the outset. As already pointed out under ground 2, ante, unless the special act created a cause of action the suit must fail regardless of the state's waiver of immunity from suit. Neither would there be any reason for referring to an alleged "illegal detention" since there would be no liability whether the detention was legal or illegal. This state of the law is presumed to have been known to the General Assembly. *Pomfret School* v. *Pomfret,* 105 Conn. 456, 462.

It is obvious that the only interpretation of the special act which gives effect to all of its wording is that the statute waives immunity against suit so as to permit a recovery of damages for any injuries and losses which the plaintiff may prove were proximately caused by a detention which he succeeds in proving was illegal. *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 211. Cases involving the claim here advanced by the defendants under similar special statutes in which a state has consented to be sued by a particular individual are collected in subdivision 4 of the notes in 13 A.L.R. 1276, 1280, and 169 A.L.R. 105, 109. As might be expected, the results differ widely according to the variant wordings of the particular special acts involved.

It is also the law that a legislative enactment conferring a privilege or right carries with it, by implication, everything necessary to ensure the realization of that privilege or to establish that right in

order to make it effectual and complete. *State ex rel. Rourke* v. *Barbieri,* supra, 210. This precludes any construction that the statute constitutes a mere waiver of immunity to permit this plaintiff to institute a suit the adverse outcome of which is obvious and inevitable. Consent to sue does not admit liability. But it cannot be so narrowly construed as to make impossible a recovery under any provable facts. *New Haven* v. *Fresenius,* 75 Conn. 145, 150.

The third ground of demurrer is without merit.

The fourth ground of demurrer raises the claim that if the special act does create a cause of action in favor of the plaintiff where none previously existed it is unconstitutional as a violation of article 1, § 1, of the Connecticut constitution, which provides that "all men when they form a social compact, are equal in rights; and . . . no man, or set of men are entitled to exclusive public emoluments or privileges from the community."

This is a point of some difficulty, although it should be noted that the demurrer makes no claim under the fourteenth amendment to the federal constitution, as did the demurrer filed in *Sanger* v. *Bridgeport,* 124 Conn. 183, 189. And of course it is elementary that a demurrer cannot properly be sustained on a ground not advanced therein. General Statutes § 7814.

It does not appear that this particular claim of unconstitutionality has been made elsewhere. Note, 161 A.L.R. 346. However, it must be remembered that a statute is not to be struck down as unconstitutional unless its invalidity is clear beyond a reasonable doubt. *Lyman* v. *Adorno,* 133 Conn. 511, 514. A court must be careful not to impose its judgment as to the wisdom or policy of legislation under the guise of reviewing it to determine its constitutionality. *Lyman* v. *Adorno,* supra, 513.

The state may, without offense to the constitution, recognize a merely honorary obligation. *Norwich Gas & Electric Co.* v. *Norwich,* 76 Conn. 565, 572. It cannot be said that the General Assembly could not reasonably decide that if in fact this plaintiff had been confined in the state prison for some six months beyond the time when he could legally be held, he might properly be entitled, in good conscience, to reasonable compensation for injuries and losses proximately caused by such excess confinement. That his damages would be far less than if the incarceration had been of an innocent person, especially one of previously unblemished reputation, is obvious. This difference, however, is one of degree only. It does not affect the constitutionality of the act.

Many of our special acts authorize direct payments to individuals in satisfaction of claims for which there is no apparent legal liability on the part of the state. While this does not establish constitutionality, "long continued legislative usage is of controlling weight upon the question of the constitutionality of an act." *Sanger* v. *Bridgeport,* 124 Conn. 183, 190.

This ground of demurrer cannot be sustained.

For the foregoing reasons the demurrer is overruled on all grounds.