## Charles Treat *v.* Town Plan and Zoning Commission of the Town of Orange

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued June 4—decided July 1, 1958

*David M. Reilly, Jr.,* for the appellant (plaintiff).

*Richard H. Bowerman,* with whom was *Harold E. Drew,* for the appellee (defendant).

BALDWIN, J.  On October 16, 1956, the defendant, after proper legal notice, adopted a comprehensive town plan for the town of Orange.  This plan proposed that the minimum size of residential lots be 40,000 square feet, with a minimum front footage of 160 feet at the street line.  At an evening meeting on October 30, 1956, after public notice, the defendant amended the zoning regulations by increasing the minimum lot size in an AA residence zone from 30,000 to 40,000 square feet and the minimum width at the street line from 150 to 160 feet.[1]  On the same day, but before this meeting, the plaintiff caused a subdivision map of land which he owned in a residential area to be left at the home of the secretary of the defendant.  An ordinance entitled

---

[1] This amendment of the regulations was held invalid in *Treat v. Town Plan & Zoning Commission,* 145 Conn. 136, 139, 139 A.2d 601, but its invalidity is not involved in the instant case.

"Ordinance Pertaining to the Platting of Private Lands in the Town of Orange," effective August 10, 1944, required that a signed petition submitting the map and requesting its approval be filed with the final map. The plaintiff did not file such a petition. On December 27, 1956, the defendant voted to reject the plaintiff's map, stating among several reasons for its action that the "map was left at the home of the Secretary about 5:00 P.M. on October 30, 1956 and never properly filed with the Commission." Other reasons for the defendant's action were set forth in its minutes, but the view which we take of the case makes it unnecessary to detail them.

The basic question is whether the defendant acted arbitrarily and illegally. The unchallenged finding of the trial court is that the plaintiff failed to file any petition with his map as required by the ordinance. The form of petition prescribed sets forth a number of agreements into which the developer must enter as consideration for approval of the map. These obligations are designed to protect the town from default by the developer and to insure proper street layout, drainage and other such matters in the public interest. They cannot be considered inconsequential. The plaintiff claims that he must be excused from filing a petition because the defendant did not request him to do so and also because in a number of other instances involving developers no petition was required by the defendant. This excuse is of no avail. The defendant must insist that the legislative direction governing the filing of a final subdivision map be followed. *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 84, 103 A.2d 814; *New Haven* v. *Fresenius,* 75 Conn. 145, 149, 52 A. 823. It cannot waive the requirements of the ordinance pertaining to the manner of

filing or submitting a map and petition even though it may have done so, illegally, in other instances. *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401, 167 A. 826; *State ex rel. LaVoie* v. *Building Commission,* 135 Conn. 415, 420, 65 A.2d 165. The rejection of the map was proper under the ordinance. Parenthetically, the ordinance provides for the submission of a preliminary map and a final map. The case was tried upon the theory that the map filed was a final map, and we have considered the case as the parties have presented it to us. Maltbie, Conn. App. Proc., § 42.

The plaintiff also assigns error in the court's refusal to find, in accordance with his draft finding, that he failed to file a petition because the defendant did not ask him to do so. If this fact were added to the finding, it would be ineffective for the reasons stated heretofore. Furthermore, parties dealing with a public agency are bound at their peril to notice the measure of its authority. *State* v. *Hartford Accident & Indemnity Co.,* 138 Conn. 334, 339, 84 A.2d 579.

The plaintiff has assigned error in rulings upon the admission of evidence. His offer to relate what he did to prepare his map and what was stated to him by the defendant's members was immaterial under the rule stated in *Nicholaus* v. *Bridgeport,* supra. So also was his offer of evidence to the effect that other maps had been approved by the defendant even though they did not comply with the requirements as to lot size and were not accompanied by a proper petition. For the reasons hereinbefore stated, the plaintiff acquired no right, because the defendant had failed to comply with the provisions of the ordinance on previous occasions, to omit the filing of a proper petition with his map.

The other claims of error, relating to the finding, need not be discussed, because if the claimed corrections were made they would not affect the result.

There is no error.

In this opinion the other judges concurred.