STATE OF CONNECTICUT *v.* JAMES C. M. HUSSER

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Submitted on briefs October 5—decided October 27, 1971

*Howard T. Owens, Jr.,* special public defender, on the brief for the appellant (defendant).

*Arlen D. Nickowitz,* assistant state's attorney, *Joseph T. Gormley, Jr.,* state's attorney, and *Richard F. Jacobson,* assistant state's attorney, on the brief for the appellee (state).

House, C. J.  The defendant, James Husser, has appealed from his conviction for unlawfully selling narcotic drugs in violation of General Statutes §§ 19-452 and 19-480 (a).  On the appeal he has briefed and argued two claims of error.

The first claim of error is that the trial court erred in refusing to admit evidence that an informant, whose information to an undercover agent led to the defendant's arrest, was, at the time of the arrest, a drug addict.  The defendant now asserts that "[t]he purpose of attempting to make such a showing was to lay a foundation for the defense of entrapment." Since the sale was made to the undercover agent and not to the informant, and since the record discloses no evidence that the informant did anything to induce the sale, it does not appear that the evidence was in any way material or relevant to the issue of entrapment.  Furthermore, the claim is entirely inconsistent with the assertion of the defendant in a later portion of his brief that "there was never a claim by Husser that he was, in fact, entraped [sic]." The informant was not a witness and neither his character nor his credibility was in issue.  We find no error in the court's exclusion of the proffered evidence.

The second claim of the defendant is that the court erred in failing to instruct the jury that in order to convict him they must be satisfied that he intended to commit a crime.  He asserts that "[e]ven if no

specific intent is required as an element of the crime of sale of heroin a general intent is an essential of the crime." With this assertion we cannot agree.

It is axiomatic that the legislature may, if it so chooses, ignore the common-law concept that criminal acts require the coupling of the evil-meaning mind with the evil-doing hand and may define crimes which depend on no mental element, but consist only of forbidden acts or omissions. 21 Am. Jur. 2d, Criminal Law, §§ 89–91. This principle was early recognized by this court. See *Barnes* v. *State,* 19 Conn. 398, 403 (1849). "If the offense be a statutory one, and intent or knowledge is not made an element of it, the indictment need not charge such knowledge or intent." *United States* v. *Behrman,* 258 U.S. 280, 288, 42 S. Ct. 303, 66 L. Ed. 619. Whether or not a statutory crime requires "mens rea" or "scienter" as an element of the offense is largely a question of legislative intent to be "determined from the general scope of the Act, and from the nature of the evils to be avoided." *State* v. *Gaetano,* 96 Conn. 306, 316, 114 A. 82; *United States* v. *Balint,* 258 U.S. 250, 251, 42 S. Ct. 301, 66 L. Ed. 604. Sections 19-452 and 19-480 (a) both specifically mention knowledge and intent as elements necessary for conviction in certain circumstances. Section 19-480 (a) expressly requires in the case of an accused charged with the transportation of narcotics that the accused transported them "with the intent to sell or dispense" them. The same sentence contains no such requirement of proof of intent in the case of an accused charged with the sale, offering, giving, or administration of a narcotic drug to an individual. In the latter circumstances, the doing of the prohibited act constitutes a violation of the statutory crime regardless of the state of mind of the accused.

This court noted in *State* v. *Guerra*, 151 Conn. 159, 165, 195 A.2d 50, with reference to a similar statute which prohibited anyone not authorized by law from taking intoxicating liquor or drugs into a jail: "Intent to do the prohibited act, not intent to violate the criminal law, is the only intent requisite for conviction in the case of many crimes constituting violations of statutes in the nature of police regulations. *State* v. *Gaetano*, 96 Conn. 306, 316, 114 A. 82, and cases cited; *State* v. *Sul*, 146 Conn. 78, 86, 147 A.2d 686. This statute was obviously such a police regulation." The statutory crime with which the defendant was charged falls within the same category, and on the issue of guilt or innocence it is immaterial whether or not he intended to commit a crime when he committed the prohibited act.

There is no error.

In this opinion the other judges concurred.