STATE OF CONNECTICUT *v.* ALBERT PASCUCCI

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued October 4—decided November 22, 1972

*Domenick J. Galluzzo,* assistant public defender, for the appellant (defendant).

*Thomas E. Minogue, Jr.,* assistant state's attorney, with whom, on the brief, was *Richard F. Jacobson,* assistant state's attorney, for the appellee (state).

MacDonald, J. The defendant, Albert Pascucci, was convicted by a jury of the crime of inciting to riot at a state correctional institution in violation of § 53-167a of the General Statutes. The court denied his motion to set aside the verdict as contrary to the law and the evidence and the defendant has appealed from the judgment rendered on the verdict, pressing three assignments of error. In the order in which we will consider them, the first claim is that the court erred in excluding testimony by the defendant as to certain disciplinary action taken against him following the incident for which he was on trial; the second is claimed error in the court's charge with respect to the meaning of the statute involved, and the third claim of error is in the court's denial of the motion to set aside the verdict.

During the trial, the defendant was asked by his counsel whether any disciplinary action had been taken against him since the incident in question. Although the state's objection to this inquiry was sustained, the record discloses that the defendant answered "Yes" and that the state did not move to strike this response. Accordingly, even if the state's objection should not have been sustained by the court, the issue would appear to have been rendered moot by the answering of the question and the retention in the record of that answer. But even if not viewed as a moot question, we find no error in the ruling of the court. "The trial court has broad discretion in determining the relevancy of evidence." *State* v. *Lombardo,* 163 Conn. 241, 243, 304 A.2d 36; *Johnson* v. *Newell,* 160 Conn. 269, 277, 278 A.2d 776; *State* v. *Carnegie,* 158 Conn. 264, 273, 259 A.2d 628. "No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the

teachings of reason and judicial experience." *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 83, 291 A.2d 715; *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639. The only claim of relevancy made by the defendant was that it was to show whether "he has been dealt with by any other rules and regulations other than the charge that's pending." It is not claimed that any offer of proof or other attempt to show relevancy was made, and we find no abuse of discretion by the trial court in sustaining the state's objection.

The second assignment of error to be considered attacks that portion of the court's charge pertaining to § 53-167a of the General Statutes, which provides punishment for "[a]ny person who incites, instigates, organizes, connives at, causes, aids, abets or takes part in any disorder, disturbance, strike, riot or other organized disobedience to the rules and regulations of the institution." In explaining the meaning of this language, the court instructed the jury that "the disorder or disturbance need not be organized but only the disobedience to rules and regulations of the Correctional Center must be organized." The defendant duly excepted and claims this to have been an incorrect statement of the law in that the statute intended that any disorder, disturbance, strike or riot must be "organized," as well as the disobedience to the rules and regulations. We cannot accept this interpretation.

The word "organizes" is employed at the beginning of the statute along with seven other verbs pertaining to the bringing about of any "disorder, disturbance, strike, riot," any one of which events might be either spontaneous or organized, "or other organized disobedience to the rules and regulations." This wording would appear to equate "organized diso-

bedience" in seriousness to the mere occurrence of a disorder, disturbance, strike or riot, regardless of whether organized or spontaneous occurrences, thus subjecting "organized disobedience" to the penalty provided by the statute while presumably leaving to administrative disciplinary action mere isolated or privately committed acts of disobedience of the rules and regulations. Further, the use of the disjunctive "or" indicates a clear legislative intent of separability of acts of organized disobedience on the one hand and, on the other, acts which, whether organized or not, constitute disorder, disturbance, strike or riot.

In *State* v. *Dennis*, 150 Conn. 245, 188 A.2d 65, we had before us § 53-21 of the General Statutes providing punishment for "[a]ny person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child." In sustaining the claim of the state that the final "or" in the statute separated two distinct classes of criminal conduct with respect to the second category of which it was not required to prove that the acts were willful, we said (p. 248): "It is true that punctuation is a recognized aid to statutory construction, but it is not conclusive. . . . The use of the disjunctive 'or' between the two parts of the statute indicates a clear legislative intent of separability. . . . And so, in the instant case, the phrase 'wilfully or unlawfully causes or permits' deals with one class of conduct, and 'does any act' deals with another." Similarly, in the case before us, it seems clear that the disjunctive "or" separates two classes of conduct or hap-

penings—the first of which either may be organized or unorganized, and the second of which, involving disobedience of rules, must be organized. We find no error in the court's charge.

In next considering claimed error in the court's denial of the defendant's motion to set aside the verdict as contrary to the law and the evidence, we feel constrained to observe that it would have been better practice had the trial judge filed a memorandum. "While a memorandum of decision is not legally required on the denial of a motion to set aside the verdict but only on the granting of it . . . [now Practice Book § 256], it is sound practice, where, as in this case, the motion is not frivolous, to set forth in a memorandum the basic reasons why the motion is denied." *Lancaster* v. *Bank of New York,* 147 Conn. 566, 573, 164 A.2d 392. The assignment of error here is limited in the defendant's brief to the issue of lack of evidence as to the element of specific intent which he claims to be required for conviction under § 53-167a. Under the circumstances, it was not incumbent on the state to add an appendix to its brief since, for the reasons hereinafter stated, we are not persuaded that a showing of specific intent is required by the statute.

There is nothing in the wording of § 53-167a to indicate the requirement of a specific intent either to commit or to bring about an act constituting "organized disobedience to the rules." The dangers which the statute seeks to obviate could arise from acts which, although in no way intended to produce danger, readily could give rise to disorder, disturbance, strike or riot—such simple acts as the unattacked finding indicates were performed by this defendant when he sat down in a corridor which was meant to be kept clear, refused to move when

ordered to do so, waved his arms and loudly urged the inmates to sit down and not move. As we recently stated: "It is axiomatic that the legislature may, if it so chooses, ignore the common-law concept that criminal acts require the coupling of the evil-meaning mind with the evil-doing hand and may define crimes which depend on no mental element, but consist only of forbidden acts or omissions. 21 Am. Jur. 2d, Criminal Law, §§ 89–91. This principle was early recognized by this court. See *Barnes* v. *State,* 19 Conn. 398, 403 (1849). 'If the offense be a statutory one, and intent or knowledge is not made an element of it, the indictment need not charge such knowledge or intent.' *United States* v. *Behrman,* 258 U.S. 280, 288, 42 S. Ct. 303, 66 L. Ed. 619. Whether or not a statutory crime requires 'mens rea' or 'scienter' as an element of the offense is largely a question of legislative intent to be 'determined from the general scope of the Act, and from the nature of the evils to be avoided.' *State* v. *Gaetano,* 96 Conn. 306, 316, 114 A. 82; *United States* v. *Balint,* 258 U.S. 250, 251, 42 S. Ct. 301, 66 L. Ed. 604." *State* v. *Husser,* 161 Conn. 513, 515, 290 A.2d 336.

"Intent to do the prohibited act, not intent to violate the criminal law, is the only intent requisite for conviction in the case of many crimes constituting violations of statutes in the nature of police regulations. *State* v. *Gaetano,* 96 Conn. 306, 316, 114 A. 82, and cases cited; *State* v. *Sul,* 146 Conn. 78, 86, 147 A.2d 686. This statute was obviously such a police regulation." *State* v. *Guerra,* 151 Conn. 159, 165, 195 A.2d 50. "The statutory crime with which the defendant was charged falls within the same category, and on the issue of guilt or innocence it is immaterial whether or not he intended to commit a

crime when he committed the prohibited act." *State v. Husser,* supra, 516.

A consideration of the final claim of the defendant, that he was denied due process of law by the refusal of the correctional center authorities to process his prior petition or grievance, quickly leads to the conclusion that it is without merit, for any question as to the constitutionality of the rules, regulations and methods of administration of the correctional center had no conceivable bearing on the trial and conviction of this defendant and simply is not germane to the issues now before us.

There is no error.

In this opinion the other judges concurred.