The defendant was convicted of prostitution in violation of General Statutes 53a-82
after a trial to a jury. The defendant has appealed, raising four claims of error.
During the course of the trial, evidence was presented that while the defendant was walking down the street, she was approached by two undercover policemen who engaged her in conversation. During the course of the conversation, she told them that she charged "twenty dollars a head." The defendant testified that at the time she was going to meet her *Page 516 
boyfriend. She also testified that she never intended to commit acts of prostitution with the police officers and that she was just joking with them.
The defendant made two motions to dismiss on the grounds that General Statutes 53a-82 is unconstitutionally vague and that it is unconstitutional as a violation of the defendant's right to privacy. She claims that the court erred in denying these motions. The defendant contends that the statute is void for vagueness as applied to the facts of this case in that a reasonable person would not have known that intent to engage in sexual conduct was not required for a violation of this statute. She maintains that this violates the first and fourteenth amendments to the United States constitution and article first, 8 of the Connecticut constitution. The defendant further argues that this statute violates the first andfourteenth amendments to the United States constitution and article first, 1, 2, 4, 5, 8,9 and 14 of the Connecticut constitution in that it infringes upon the defendant's right to free speech by making the mere speaking of words a crime. Though statutes are usually tested for vagueness as applied to the facts of a particular case, when free speech may be inhibited the statute is tested for vagueness on its face. Smith v. Goguen, 415 U.S. 566, 573, 94 S.Ct. 1242,39 L.Ed.2d 605 (1974); State v. Pickering, 180 Conn. 54,57 n. 3, 428 A.2d 322 (1980).
Constitutional arguments similar to those made by the defendant were rejected by this court in State v. Allen, 37 Conn. Sup. 506, 424 A.2d 651
(1980). In that case we found the statutory language to be sufficiently clear to give the ordinary person warning of the prohibited conduct. As to the claim that the statute infringes onfirst amendment rights, we recognized in Allen that there is some impact on speech, but held that this category of speech is not within the protective embrace of the first amendment. "Speech incident to solicitation for prostitution advances no social *Page 517 
value; it is essentially commercial in nature and is doubtlessly intended to sell a product." State v. Allen, supra, 512.
The defendant's second constitutional claim is that, as applied to the facts of this case, the statute violates her right to privacy under thefirst, fourth, ninth, and fourteenth amendments to the United States constitution and article first,1, 2, 3, 4, 5, 7, 8, 9, 11 and 20 of the Connecticut constitution. The defendant argues that while the state may have an interest in controlling vice, the state has failed to demonstrate a compelling state interest in regulating the defendant's conduct which did not include a specific intent to perform sexual acts. The statute, argues the defendant, also infringes on her right to engage in noncommercial sex. The argument that 53a-82 violates the right to privacy has also been rejected by this court. "It appears that the constitutional right to privacy under the federal and state constitutions has never been extended to encompass prostitutes plying their trade on the street...." State v. Allen, supra, 513.
The defendant also claims that the court erred in refusing to charge the jury that to find the defendant guilty of prostitution they had to find that the defendant intended to perform an act of sexual conduct. Although a request to charge was not submitted in accordance with Practice Book, 1978, 852, the defendant did except to the charge given by the court upon this ground.
A statutory crime need not include an element of intent. "It is axiomatic that the legislature may, if it so chooses, ignore the common-law concept that criminal acts require the coupling of the evil-meaning mind with the evil-doing hand and may define crimes which depend on no mental element, but consist only of forbidden acts or omissions." State v. Husser, 161 Conn. 513,515, 290 A.2d 336 (1971). "To ascertain the proof *Page 518 
necessary for conviction of a statutory crime, it must be determined whether culpability under the statute requires merely that one do the proscribed act, that one do the act with general intent, or that one do the act with specific intent. If the statute does not include intent or knowledge as an element of the crime, their proof is not necessary." State v. Bitting, 162 Conn. 1, 5,291 A.2d 240 (1971). In the present case the statutory definition of prostitution includes no specific intent. Therefore, the court's failure to charge as to specific intent was not error.
The court's charge was sufficient for a general intent crime. The court charged, in this regard, as follows: "You must decide whether or not the defendant's testimony that there was a misunderstanding and/or it was a joke, or that she thought there was a joke, whether it was a complete misunderstanding. You have to evaluate that testimony, so in that sense whether or not the words, what was meant, and thereby constitute the offense comes into play. So, you are to consider first of all, you have to decide what Version to believe, obviously, what was said by the person involved. That is the first thing you have to decide. Then, you have to decide whether or not it constituted an offer to engage in sexual conduct with another person in return for a fee. Now, I will read the statute once again when I finish the instructions but I am going to go on to entrapment, at this point, too. First of all, you decide what happened on the occasion alleged. Then you decide whether or not what you decided happened, and was said, violated this statute. If you decide that it didn't, if you decide on the version of the facts that indicate that no offer was made, then you simply stop at that point. Your verdict will be not guilty.
In reviewing a jury charge, it is to be considered as a whole to determine if it presents the case to the jury so that no injustice will result. State v. Roy,173 Conn. 35, 40, 376 A.2d 391 (1977). The charge here *Page 519 
was sufficient to inform the jury that it should find the defendant not guilty if it believed that she did not have the general intent to make the offer. In stating her exception the defendant never claimed that her defense of joking with the officers had not been fairly presented to the jury.
The final claim of error raised by the defendant is that the court erred in admitting evidence during cross-examination that the defendant's witness, Harvey Phillips, was available to testify at the trial of two other alleged prostitutes. The defendant contends that this line of questioning was completely irrelevant to any issue that was properly before the court. During direct examination, Phillips testified that he was living with the defendant and that he was on his way to meet the defendant when the defendant's conversation with the police officers took place. He was asked on direct examination if he had ever been arrested for being a "pimp" and if he was a "pimp or in any way connected with prostitution." His answer was in the negative. This court has stated that "the cross-examiner may elicit not only any fact which would tend to contradict or qualify any particular fact on direct examination but also anything which would tend to modify any conclusion or inference resulting from the facts so stated." State v. Sesler, 33 Conn. Sup. 747,748-49, 369 A.2d 1132 (1976). In the present case, the cross-examination concerning Phillips' availability to testify at other trials flowed from the question as to the witness's connection with prostitution. It was within the trial court's discretion to allow this line of questioning.
 There is no error.
In this opinion ARMENTANO and SHEA, Js., concurred.