[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Zoning Board of Appeals of Beacon Falls (hereafter called the Board) for refusing to overturn the denial of a certificate of zoning compliance by the Town's zoning enforcement officer. The plaintiff, Steven Posick, requested a certificate of zoning compliance for the manufacturing of compost on six acres of a thirty-eight acre parcel of land owned by him in Beacon Falls which was previously operated by him as a landfill. The plaintiff claims that his proposed use of the property is a permitted use under section 42.1.1 of the zoning regulations. The zoning enforcement officer denied the application on grounds that the proposed use was barred by section 6.5.6 of the regulations, and that the application was incomplete did not comply with all of the requirements for a certificate of zoning compliance under section 72.2 of the regulations. The plaintiff appealed denial of the application to the zoning board of appeals pursuant to sections 8-6 (1) and 8-7 of the General Statutes. A public hearing was held by the Board on April 12, 1990. At the hearing there was a discussion on the method of operation of the proposed compost manufacturing process and the materials that would be used in making the final product. The sections of the zoning regulations relied upon by the plaintiff and by the zoning enforcement officer were discussed. The plaintiff's position then and on appeal is that his operations would be limited to manufacturing compost which is claimed to be a permitted use under section 42.1.1.
On July 12, 1990 the Board discussed the application. After some discussion of sections 6.5.6, 42.1.1 and 72.2 and whether the plaintiff would be manufacturing compost, the application was denied by a 3 to 1 vote. Section 8-7 C.G.S. required 4 affirmative votes. The plaintiff then took an appeal to the Superior Court within 15 days after publication of a notice of the decision, as required by section 8-8(a) of the General Statutes. CT Page 4889
The appeal makes several claims, including alleged private discussions among municipal officials including Board members, amounting to predetermination, and that denial of the certificate of zoning compliance amounts to a taking of the plaintiff's property. These claims required evidence, and none was offered at the trial. In addition, issues which are initially raised in the appeal but which are not briefed are considered abandoned. Ierardi v. Commission on Human Rights 
Opportunities, 15 Conn. App. 569, 585; Shaw v. Planning Commission, 5 Conn. App. 520, 525; Section 285A Connecticut Practice Book. This leaves three claims: (1) the proposed use complied with the zoning regulations; (2) the evidence before the Board does not support denial of the application; and (3) the Board failed to give any reason for denial of the application.
Since the plaintiff is the owner of the property involved in the application, and the Board denied the certificate of zoning compliance, the plaintiff is specially and injuriously affected by the Board's decision, and is an aggrieved person with standing to bring the appeal under section 8-8(a) of the General Statutes. Rogers v. Zoning Board of Appeals, 154 Conn. 484, 488.
Where there is an appeal to the Zoning Board of Appeals from a decision of the zoning enforcement officer under sections 8-6(1) and 8-7 C.G.S., the Board acts administratively in a quasi-judicial capacity. Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 514; Thorne v. Zoning Board of Appeals, 156 Conn. 619, 620. Where the Board gives reasons for its action, the question is whether the reasons given are supported by the record and pertinent to the decision. Molic v. Zoning Board of Appeals, 18 Conn. App. 159,164, 165; Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676. Section 8-7 of the General Statutes requires the zoning board of appeals to state upon its records the reason for its decision when it "sustains or reverses wholly or partly any order, requirement or decision appealed from." In this case the Board upheld the zoning enforcement officer and was not required to give reasons for its action. Even if the statute did apply to this case, its requirements would be directory and not mandatory because it is not essential to the result, and is a matter of convenience and not a matter of substance. Donohue v. Zoning Board of Appeals, 155 Conn. 550,554. If the Board fails to give reasons, the Court searches the record to discover if there is a sufficient reason to support the Board's decision. Manchester v. Zoning Board of Appeals, 18 Conn. App. 69, 71, cert. denied212 Conn. 804. See also Grillo v. Zoning Board of Appeals,206 Conn. 362, 369; Ward v. Zoning Board of Appeals, 153 Conn. 141, CT Page 4890 144. If reasons are given, only the ones assigned are considered, and the Board's decision must be upheld if even one reason is valid. Manchester v. Zoning Board of Appeal supra, 72, 73; Beit Havurah v. Zoning Board of Appeals,177 Conn. 440, 444, 445. The Court is restricted to determining whether the Board's findings are reasonably supported by the record and whether the reasons given were a pertinent reason for the Board's action; the court cannot make its own determination on questions of fact and substitute its judgment for the agency's decision. Horn v. Zoning Board of Appeals, supra, 677, 679.
In this case the minutes of the Board's meeting of July 2, 1990 (Exhibit Q) show that the sections of the zoning regulations relied upon by the plaintiff and the zoning enforcement officer were discussed by the Board members prior to the vote. The zoning enforcement officer had previously denied a certificate of zoning compliance on the grounds that it did not comply with sections 6.5.6 and 72.2 of the zoning regulations. The motion made by the Board was to approve the application, and it failed by a 3 to 1 vote. The effect of the vote was to uphold the decision of the zoning enforcement officer. It is apparent from the discussion at the meeting that the Board denied the application because it agreed with the zoning enforcement officer's position, namely that the application did not comply with sections 6.5.6 and 72.2 of the zoning regulations, and the Board rejected the plaintiff's argument that the proposed use was permitted by section 42.1.1. The question on appeal is whether any of these reasons for denial of the certificate are valid and whether the plaintiff has proven that he has a permitted use allowed by section 42.1.1 of the regulations.
Section 72.2 of the zoning regulations requires all applications for a certificate of zoning compliance to include three copies of a plan or map drawn to scale containing the area of the lot, lot dimensions, location of existing or proposed structures, off street parking, wells, private septic systems, signs, outside storage areas, site development and landscaping that are subject to the zoning regulations. Section 72.2.6 requires submission of other plans, drawings, data and statements necessary to determine whether the proposed use complies with the provisions of the regulations. The plaintiff only submitted a single page application and did not include a plan drawn to scale and most of the other information required by section 72.2. Where a regulation requires the submission of an application form and a map, the failure to file one of them is a valid ground for rejection of the plan. Treat v. Town Plan and Zoning Commission, 145 Conn. 406, 408. As argued by the CT Page 4891 intervening defendants (the Beacon Falls Planning and Zoning Commission and the Town of Beacon Falls), section 72.2 is important for the proper functioning of the Town's zoning system, as it is intended to obtain information which will apprise reviewing zoning authorities of the exact nature of the proposed use, so that the legality of the use can be determined and they can insure that the use is conducted in conformance with the zoning regulations. The requirements are designed to protect the Town and the public interest, and cannot be considered inconsequential; the plaintiff cannot be excused from filing the required documents even if the Town might not have insisted that prior applicants comply with the regulation. Treat v. Town Plan and Zoning Commission, supra, 408. See also Carini v. Zoning Board of Appeals, 164 Conn. 69,174. Moreover, in order to conduct any of the permitted uses in the industrial park zone, including the uses under section 42.1.1, a site plan is required by section 42.2.1 to be submitted prior to the approval of any certificate of zoning compliance, and that regulation requires the site plan to meet the standards in section 51. Section 51.2 in turn makes reference to additional standards in section 8 of the regulations. While all of these requirements are arguably administrative overkill, Posick's submission does not even come close to satisfying these requirements, even with the heap of, basically irrelevant documents from the Commission's files that he presented to the Board.
The plaintiff claims that section 42.1.1 allows him to manufacture compost on his property. Section 42.1.1 allows as a permitted use in an industrial park district:
 Manufacturing, processing or assembling of products, except after September 1, 1990, no rock, sand, gravel or other earth products which are excavated outside the Town of Beacon Falls shall be screened, washed, crushed or otherwise processed in an Industrial Park District; provided, that stockpiles of earth products excavated outside of the Town of Beacon Falls which are in existence as of September 1, 1990 must be entirely processed as of September 1, 1991, subject to the requirements of section 64.[1]
Section 6.5 of the zoning regulations states that "any use not specified as permitted in the district is prohibited" and that certain specified uses, which are not intended to be exhaustive, are specifically prohibited. Under this type of zoning ordinance, uses that are not expressly permitted are automatically excluded. Beacon Falls v. Posick, 17 Conn. App. 17,26, reversed on other grounds, 212 Conn. 570; CT Page 4892 Planning and Zoning Commission of Lebanon v. Gilbert,208 Conn. 696, 708; Bradley v. Zoning Board of Appeals, 165 Conn. 389,394, 395; Park Regional Corporation v. Town Plan and Zoning Commission, 144 Conn. 677, 682. Section 6.5.6 of the zoning regulations prohibits in all zones. . .
 the operation of a commercial waste disposal or waste processing area, including but not limited to the dumping, grinding, depositing, storing, incinerating or landfilling of solid waste, liquid waste, bulky waste or processed or unprocessed trash or garbage.
Zoning regulations must be construed as a whole and in such a manner as to reconcile all their provisions so far as possible. Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 441. It is clear that section 42.1.1 cannot be construed to permit what section 6.5.6 expressly prohibits. Even though the Board may not anticipate that the plaintiff would engage in illegal conduct by operating a landfill, Federico v. Planning and Zoning Commission, 5 Conn. App. 509, 515, the proposed use can violate section 6.5.6 without being a landfill. When the Board asked the plaintiff to describe what he proposed to process, he indicated that it could be anything biodegradable such as wood, cardboard, brush, paper, leaves and similar materials. Arguably this is waste processing as described in section 6.5.6 since it may include grinding, depositing or storing of solid waste or bulky waste after the materials are processed, ostensibly to make compost. The plaintiff conceded that they would be deposited and stored on his property. It was conceded at trial that wood and brush are bulky waste. Documents filed by the plaintiff with the Board provided some indication that the proposed use was a volume reduction composting operation amounting to a solid waste facility. See Exhibits K12 and K15. While section 42.1.1 allows manufacturing, processing or assembling of products in an industrial park zone, it excludes screening, washing, crushing or otherwise processing of rock, sand, gravel or other earth products excavated outside of Beacon Falls.
The proposed operations of the plaintiff seem closer to the excluded operations in section 42.1.1 than what is conventionally considered manufacturing, processing or assembling of products. Moreover, he proposed operation seems closer to the prohibited uses in section 6.5.6 than the more general provision on manufacturing, processing or assembling of products in section 42.1.1. A local ordinance is construed in the same way as a statute, Maciejewski v. West Hartford, 194 Conn. 139, 151, and a zoning ordinance is CT Page 4893 interpreted to carry out the intention of the zoning commission in passing it as found from the words employed in the ordinance. Harlow v. Planning and Zoning Commission,194 Conn. 187, 193. Specific terms in one provision on the given subject matter prevail over general language of the same or another provision designed to apply to cases generally. Gaynor v. Union Trust Co., 216 Conn. 458, 476; Oles v. Furlong, 134 Conn. 334, 342.
The question of whether a particular regulation applies to a given set of facts is a question of statutory interpretation. Coppola v. Zoning Board of Appeals, 23 Conn. App. 636,640. The zoning board of appeals has the authority to interpret the town's zoning ordinance and decide whether it applies in the given situation. Stern v. Zoning Board of Appeals, 140 Conn. 241, 245; Connecticut Sand Stone Corporation v. Zoning Board of Appeals, supra, 442; Lawrence v. Zoning Board of Appeals, 158 Conn. 503, 515; Molic v. Zoning Board of Appeals, supra, 165. On appeal the Superior Court is not bound by the legal interpretation of the ordinance by the zoning board of appeals, Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152; Melody v. Zoning Board of Appeals, 158 Conn. 516, 518, since the interpretation of a zoning ordinance is a question of law for the court. Danseyar v. Zoning Board of Appeals, 164 Conn. 325,327; Thorne v. Zoning Board of Appeals, supra, 620; Miniter v. Zoning Board of Appeals, 20 Conn. App. 302, 309. However, the position of the Board is entitled to some deference, Coppola v. Zoning Board of Appeals, supra, 640, and in applying the law to the facts of a particular case, the Board has liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Schwartz v. Planning and Zoning Commission, supra, 152; Toffolon v. Zoning Board of Appeals,155 Conn. 558, 560, 561. After considering the limited information received by the Board on the exact nature of the plaintiff's proposed operations, the Court cannot conclude that the Board's conclusion that the proposed use was prohibited by section 6.5.6 was unreasonable. The Court cannot substitute its discretion for the Board's decision unless that decision was unreasonable. Id.; Lawrence v. Zoning Board of Appeals, supra, 515. Both reasons of the Board for denial of the appeal from the zoning enforcement officer were valid.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE