[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff State of Connecticut (State) brings this action seeking reimbursement of public assistance benefits paid out under the aid to families with dependant children program (AFDC). The plaintiff alleges that the defendant Ludell Smith is the administratrix of the estate of Vernon Smith. The plaintiff also alleges that Jeanette and Christopher Smith are children of Vernon Smith and that the children received AFDC benefits. The plaintiff seeks reimbursement from Vernon Smith's estate, pursuant to Conn. Gen, Stat. 17-83g (rev'd 1989), for the AFDC benefits paid on behalf of the children of Vernon Smith.
The plaintiff filed its complaint on May 30, 1989. The defendant filed her appearance and answer and special defenses on May 30, 1989. On November 2, 1990, the plaintiff filed a motion to strike the defendant's first and third special defenses with an accompanying memorandum in support. On November 16, 1990, the defendant objected to the plaintiff's motion to strike on the ground that the plaintiff's action was scheduled to be dismissed pursuant to the dormancy program. The court, Ryan, J., granted the plaintiff's motion to exempt from dormancy on November 19, 1990 and allowed the defendant to file a memorandum in opposition addressing the substantive issues of the plaintiff's motion to strike. The defendant filed her second memorandum in opposition on December 13, 1990 and the plaintiff filed a reply memorandum on January 15, 1990.
Any party may contest the legal sufficiency of a special defense by filing a motion to strike that special defense. Connecticut Practice CT Page 996 Book 152 (rev'd to 1978, as updated to October 1, 1990). All well pleaded factual allegations of the special defense are deemed admitted by the movant. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The allegations of the special defense "are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and and if the facts provable under its allegations would support a defense . . . ., the motion to strike must fail." Id. at 108-09.
The defendant's first special defense states: "General Statutes 17-83g is inapplicable due to the fact that even if public assistance benefits were paid for the benefit of the two minor children as alleged in the Complaint, said children are not beneficiaries of the Estate." The State argues, in its motion to strike, that "such facts do not create a legally valid defense to the Plaintiff's claim against the decedent estate for reimbursement of unpaid public assistance pursuant to Conn. Gen. Stat. 17-83g." In her memorandum in opposition the defendant claims that 17-83g is ambiguous.
Conn. Gen. Stat. 17-83g states in pertinent part:
 Upon the death of a parent of a child who has, at any time, been a beneficiary under the program of aid to families with dependent children, or upon the death of any person who has at any time been a beneficiary of aid under this chapter . . ., state shall have a claim against such parent's or person's estate for all amounts paid on behalf of each such child or for the support of either parent or such child or such person under the provisions of this chapter for which the state has not been reimbursed, to the extent that the amount which the surviving spouse, parent or dependent children of the decedent would otherwise take from such estate is not needed for their support.
The defendant argues that the statute "is unclear as to whose death gives rise to the reimbursement; and . . . it is unclear as to whose estate is liable for the same." In her memorandum in opposition, the defendant claims that the statute can be "interpreted as applying in the case of the death of a parent who, himself, had been beneficiary under the [AFDC] program," or "in the event of the death of a parent whose child who had been [sic] a beneficiary under the program." The defendant further argues that the statute may "be interpreted as allowing the claim to be made against either the estate of the parent or the child."
 "`[T]he meaning of [a] statute must, in the first instance, be sought in the language in which the act is framed. . . ."' "If the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature CT Page 997 . . . ." Where the statute presents no ambiguity, [the court] need look no further than the words themselves which [are assumed to express the intention of the legislature.]
White v. Burns, 213 Conn. 307, 311 (1990) (citations omitted). "The legislature is presumed to have knowledge of existing statutes and to act with the intention of creating a consistent body of law." Warner v. Leslie-Elliott constructors, Inc., 194 Conn. 129, 134 (1984) (citation omitted). "Courts cannot, be construction, read into legislation provisions not clearly stated." Thornton Real Estate, Inc. v. Lobdell, 184 Conn. 228,230 (1981).
The use of the disjunctive "or" between two parts of a statute indicates a clear legislative intent of separability. State v. Pascucci,164 Conn. 69, 72 (1972); C. Sands, Statutes and Statutory Construction 21.14 and n. 1 (4th ed. 1972). 17-83g creates a claim in favor of the state for reimbursement of AFDC benefits "[u]pon the death of a parent of a child who has, at any time, been a beneficiary under the program of aid to families with dependent children, or upon the death of any person who has at any time been a beneficiary of aid . . . against such parent's or person's estate. . . ." (emphasis added).
"In the case of an inheritance of an estate by a beneficiary of aid under [AFDC] . . ., fifty percent of the assets of the estate payable to the beneficiary or the amount of such assets equal to the amount of assistance paid, whichever is less, shall be assignable to the state for" reimbursement of AFDC benefits paid to the beneficiary. Conn. Gen. Stat. 17-83f(b). The parents of a child for whom AFDC benefits are received are conclusively presumed to have accepted the provisions of 17-83f and 17-83g. Conn. Gen. Stat. 17-82d.
It is the opinion of the court that Conn. Gen. Stat. 17-83g created a claim in favor of the state for reimbursement of AFDC benefits against the estate of the AFDC beneficiary or the estate of a parent of a child for whom benefits have been received. It is also found that Vernon Smith is conclusively presumed to have accepted the claim of the state against his estate pursuant to 17-83g. See Conn. Gen. Stat. 17-82d. It is further found that while Conn. Gen. Stat. 17-83f(b) creates a claim in favor of the state against an inheritance payable to an AFDC beneficiary, 17-83g creates a claim directly against the estate of the parent of an AFDC beneficiary, whether or not the child is a beneficiary of the estate. Therefore, the plaintiff's motion to strike the defendant's first special defense as legally insufficient is granted.
The defendant, in her third special defense, alleges that Conn. Gen. Stat. 17-83g violates the equal protection clause of the United States Constitution and of the Connecticut Constitution because it provides "for reimbursement without a deduction for counsel fees (such as appears in General Statutes 17-83f)." The plaintiff moves to strike CT Page 998 the defendant's third special defense as legally insufficient because "(a) the defendant is not similarly situated as are liable persons under 17-83f; (b) there is a rational basis for the different treatment allowed by the statutes; or (3) the factual basis of Defendant's Third Special Defense does not exist."
Facts which are consistent with the plaintiff's statements of fact but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Conn. Practice Book 164. "[A] constitutional challenge is properly raised by special defense." Insurance Co. of North America v. Pilato, 4 Conn. Law Trib. No. 52, pg. 19 (Super. Ct., December 13, 1978, Berdon, J.). "The plaintiff's reply pleading to each of the defendant's special defenses may admit some and deny others of the allegations of that defense, or by a general denial of that defense put the defendant upon proof of all the material facts alleged therein." Conn. Practice Book 171.
The plaintiff is not attacking the legal sufficiency of the defendant's third special defense, but is attempting, instead, to reach the merits of the defendant's claim. The sole inquiry at this state of the pleadings is whether the allegations, if proved, would support a defense to the plaintiff's cause of action. First National Bank of Boston v. Murphy 1 CtLR 357, 358 (March 13, 1990, Landau, J.) (citing Levine v. Sigel Hebrew Academy of Greater Hartford, 39 Conn. Sup. 129, 132
(Super. Ct. 1983)). "`[I]t is of no moment that the [defendant] may not be able to prove [her] allegations at trial'" Id.
It is also found that the defendant's third special defense alleges facts sufficient to raise the claim that Conn. Gen. Stat. 17-83g violates the equal protection guarantees of the state and federal constitutions. If the plaintiff wishes to challenge the merits of the defendant's third special defense, it should do so by filing a reply to it. The plaintiff's motion to strike the defendant's third special defense is denied.
JOHN J.P. RYAN, JUDGE