## STATE *vs.* JOHN R. JOHNSON.

Intoxication does not necessarily disprove the existence of malice in the commission of a criminal act.

State *v.* Johnson.

In the case of murder in the first degree, which by statute requires the existence of actual malice, the fact that the prisoner was intoxicated at the time is to be considered, as tending to prove that such malice did not exist.

But in the case of murder in the second degree, which rests upon implied malice, the jury may find the existence of malice although the prisoner's condition at the time of the act disproves express malice.

The fact of intoxication is to be considered in determining the prisoner's state of mind at the time of the act; and, in connection with proof of provocation, may tend to show that the act was one of sudden passion and not of premeditation, and that therefore the homicide is manslaughter and not murder.

INDICTMENT for murder in the second degree; brought to the Superior Court in New Haven County, and tried to the jury on the plea of not guilty, before *Loomis, J.* Verdict guilty, and motion for a new trial by the defendant for error in the charge of the court. The case is sufficiently stated in the opinion.

*Hicks,* in support of the motion, cited *State* v. *Johnson,* 40 Conn., 136; *Seeley* v. *North,* 16 id., 92, 98; *Stokes* v. *The People,* 53 N. York, 176; *Smith* v. *The Commonwealth,* 1 Duvall, 224; *Curry* v. *The Commonwealth,* 2 Bush, 67; *State* v. *Garvey,* 11 Minn., 154; *Roberts* v. *The People,* 19 Mich., 416; *Regina* v. *Cruse,* 8 Car. & P., 541; Taylor's Med. Jur., 1128; *Commonwealth* v. *McFall,* Add., 257; *State* v. *McCants,* 1 Spears, 384; Ray's Med. Jur., 564, 565, 567, 581.

*G. A. Fay,* contra, cited 1 Bishop Crim. Law (5th ed.,) §§ 400, 401, 406, 409, 415; Roscoe's Crim. Ev., 910, and note; 1 Archb. Crim. Pl. & Ev., 31, 33; 2 Swift Dig., 267; *Commonwealth* v. *Hawkins,* 3 Gray, 463; *Pirtle* v. *The State,* 9 Humph., 663; *Haile* v. *The State,* 11 id., 154; *Keenan* v. *The Commonwealth,* 44 Penn. S. R., 55, 57; *State* v. *Johnson,* 40 Conn., 142.

CARPENTER, J. The prisoner was on trial upon an indictment for murder in the second degree. His counsel requested the court to charge the jury, "that if the jury find that the defendant was intoxicated at the time of the

commission of the act alleged in the indictment, and was thereby in such a condition as to be unable to form a deliberate and premeditated purpose to kill any person, and was at the same time unconscious of the character and consequences of his acts, provided he had no deliberate or premeditated purpose to kill any person prior to his being intoxicated, then the jury cannot convict the defendant of any crime higher than manslaughter."

This request contemplates a condition of mind and body in which it would be difficult to do any criminal act. The mind would be incapable of forming a criminal intent, and if it was in that condition by reason of intoxication, the physical organs would ordinarily be powerless to do harm. The case does not show that the defense proved or claimed that he was intoxicated to any such degree. It is manifest from the motion that the prisoner, if intoxicated at all, was slightly so. "Some evidence" tending to prove it was offered; and it was claimed "that his health was such that he was more easily affected by intoxicating liquors;" and "that he was provoked by the conduct of the deceased to such a degree that he was wholly beside himself, and for the time being insane." The request therefore was not pertinent to the facts of the case, nor to the evidence offered, and the court properly refused to charge as requested.

The court charged the jury that "the law recognizes the general principle that it is wrong for a man to cloud his mind and excite his passions to evil action by the excessive use of intoxicating drink, and if he does this voluntarily, and by reason of its effect does what the law punishes as a crime, the intent to drink and the evil consequence combine and make the act a crime." The court then noticed three important qualifications of that doctrine. 1. When the intoxication is involuntary, or produced by stratagem or fraud of another. 2. When excessive drinking long continued results in insanity or imbecility. 3. When the law requires some specific intent, or some particular state of mind, as an essential element of the offense, as express malice in murder in the first degree. The jury were then

told that murder in the second degree rested on implied malice, and that intoxication does not necessarily rebut or disprove any essential element of that crime; that intoxication might have the effect in connection with the provocation to reduce the offense to manslaughter. The prisoner certainly ought not to complain of this charge. It will be noticed, that the charge which his counsel claimed should have been given was only intended to reduce the offense to manslaughter. For that purpose he had the benefit of whatever intoxication was proved, and in the only way in which he could have it legitimately. A criminal intent is an essential element of either crime. To constitute murder in the second degree it is necessary that that intent shall be the result of malice. In manslaughter it may be the result of provocation or sudden passion. If the evidence was sufficient to show that it was caused by provocation, then it disproved the malice; so that the condition which the prisoner was in, must have been considered by the jury with reference to the question of malice.

The counsel for the prisoner during the argument seemed to claim that intoxication was an excuse for any crime; at least the argument logically tended to that conclusion. And it was claimed that this court, when this case was before us on a former occasion, 40 Conn., 136, had taken one step in that direction, and that we could not now consistently refuse to take another.

We have enunciated no such doctrine; and nothing said in that case, if comprehended, and candidly considered, will bear any such construction. We distinctly held that on a trial for murder in the first degree, which, under our statute, requires *actual express malice*, the jury might and should take into consideration the fact of intoxication as tending to prove that such malice did not exist. And we as distinctly held that " drunkenness does not excuse a party from the consequences of a criminal act; one crime cannot justify another. A man committing a criminal act, though intoxicated at the time, is a legal and proper subject of punishment."

We are now asked to recede from this latter position, and take a departure from the common law, and the law of our sister states, and to establish the doctrine that a drunken man cannot commit the crime of murder; that intoxication, *in law*, disproves the existence of malice.

Murder in the second degree, as the jury were properly told, rests upon implied malice. ` Malice may be implied from the circumstances of the homicide. If a drunken man takes the life of another, unaccompanied with circumstances of provocation or justification, the jury will be warranted in finding the existence of malice, although no express malice be proved. Intoxication, which is itself a crime against society, combines with the act of killing, and the evil intent to take life which necessarily accompanies it, and all together afford sufficient grounds for implying malice.

Intoxication, therefore, so far from disproving malice, is itself a circumstance from which malice may be implied. We wish therefore to re-iterate the doctrine emphatically, that intoxication is no excuse for crime ; and we trust it will be a long time before a contrary doctrine, which would be so convenient for criminals and evil disposed persons, will receive the sanction of this court.

A new trial must be denied.

In this opinion the other judges concurred.