## THE STATE *vs.* GEORGE FISKE.

Hartford Dist., Oct. T., 1893.  ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

It is not essential to the commission of an assault with intent to murder that the accused should have acted with premeditation or deliberation. It is enough if the assault was committed with malice aforethought and an intent to kill.

The adjective "aforethought" qualifies malice and not the intent to kill; hence the malice must have existed previously and must co-operate with the act producing death in order to constitute murder.

The court charged the jury that intoxication was no defense or excuse for crime, but that where a specific intent was an element of the offense it should be considered, and that if they should find that the accused

State *v.* Fiske.

had so far lost his reason from intoxication that they had a reasonable doubt whether he was able to form and entertain a purpose to kill or to know what he was doing, they should find him not guilty of intent to kill. Held to be quite as favorable to the accused as he was entitled to under our law.

The court in alluding to the testimony of the accused in his own behalf, instructed the jury to regard him as every other witness is regarded; to take into consideration his appearance, his manner, the reasonableness of his story, and "above all" the fact that he was the accused. Held that the accused could not justly complain of the use of the words "above all," as he was not entitled to have his testimony accepted as that of a disinterested witness, which was all the judge could have been understood to mean.

[Argued October 6th—decided October 25th, 1893.]

INFORMATION for an assault with intent to murder; in the Superior Court in Hartford County. The case was tried to the jury before *R. Wheeler, J.*, and a verdict of guilty rendered, and an appeal taken by the accused for errors in the charge of the court. The case is fully stated in the opinion.

*J. L. Barbour*, for the appellant.

*G. A. Conant*, with whom was *A. F. Eggleston*, for the State.

CARPENTER, J. The charge is that the accused, " with force and arms, in and upon one Julius H. Clark, in the peace then and there being, willfully and feloniously did make an assault, and with a certain knife which he, the said George Fiske, then and there had and held, did then and there willfully, and of his malice aforethought, strike, cut and stab the said Julius H. Clark, in and upon his neck and throat and other parts of his body, with intent him, the said Julius H. Clark, willfully, feloniously, and of his malice aforethought, to kill and murder," etc. A second count charges him with the same offense upon the persons of said Clark and one James Nolan. Only one offense was claimed.

On the trial the counsel for the accused claimed, as a matter of law, that " to convict the accused of an assault with intent to murder, the State must prove the assault to have been committed willfully, deliberately, premeditatedly, and of malice aforethought," and requested the court to

charge the jury as follows—" The accused is charged with assault, with malice aforethought, with intent to commit murder. In order to sustain this charge every element needed to convict of the crime of murder must exist and be proved, except the death of the assaulted party. There must be malice aforethought, premeditation, deliberation, and an intent to kill. If any of these elements are not proved the accused cannot be convicted of assault with intent to murder. ' With deliberation ' means, not hastily or rashly, but coolly and with careful consideration. ' With premeditation ' means with previous design formed. Unless the accused did this cutting coolly, deliberately, and with a premeditated intent to take the lives of either Clark or Nolan, he cannot be convicted of assault with intent to murder."

The court declined to charge the jury fully in accordance with this request, but, after referring to some other matters, charged them as follows :—" But the State goes further, and has alleged another element of criminality in this case—the element of malice, which is not necessary in the offense known as assault with intent to kill. And if the evidence justifies you in finding that the element of malice existed in this case, beyond a reasonable doubt, as well as the assault with intent to kill, then the State will have made out the full offense as charged. I have to say to you that no deliberation or previous design or premeditation is necessary to constitute this offense of an assault with intent to kill and murder with malice aforethought. There are necessary only the assault, the intent to kill, and the malice aforethought, no deliberation being necessary."

A part of this charge, if taken by itself, was liable to be misunderstood. For instance, when the jury were told that if the element of malice existed, without the qualifying word " aforethought," it was sufficient, they might, unless that was considered in connection with all that was said on that subject, have inferred that if simple malice accompanied the assault it was sufficient. But taken in connection with what immediately follows such an inference was clearly excluded. While being told that no deliberation, previous design or

premeditation was necessary to constitute the offense charged, they were also distinctly told that malice aforethought was essential.

The word "aforethought" is defined in the Century Dictionary as "Thought of beforehand; premeditated; prepense." In Webster's International Dictionary, "Premeditated; prepense." Malice aforethought is defined, in the Century Dictionary—"Actual malice, particularly in case of homicide." In Webster—"Malice previously and deliberately entertained." Thus it appears that the adjective "aforethought" describes, not the intent to take life, but the malice; and that malice must exist, must be previously and deliberately entertained, when the purpose to take life is formed, and must co-operate with the blow in producing death to constitute murder. In understanding malice aforethought malice must not be confounded with the intent to take life. It is the malice that must previously exist or be deliberately entertained; the intent may spring into existence and be immediately followed by the fatal blow; and that at common law is murder, and under our statute is murder in the second degree. To constitute murder in the first degree the criminal intent must be conceived and carried into effect, so that the killing may be said to be "willful, deliberate and premeditated."

Counsel for the accused asked the court to charge the jury that "unless the accused did this cutting coolly, deliberately, and with a premeditated intent to take the lives of either Clark or Nolan, he cannot be convicted of assault with intent to murder. In determining this question the jury may take into consideration the evidence as to the prisoner's partial intoxication. While intoxication does not excuse a man for crime, it is proper to take it into account in determining the degree of the crime, and as tending to show whether the accused was capable of deliberation."

The court properly refused to charge as thus requested. The question whether the accused was guilty of an attempt to commit murder in the first degree was practically eliminated. The sole question was whether the attempt was to commit murder in the second degree, or murder which was

State *v.* Fiske.

not " willful, deliberate and premeditated." Indeed no complaint was made of the refusal to charge as requested, but the complaint is of the charge as it was given : This was as follows : " Intoxication is no defense or excuse for crime, but in certain cases, where a specific intent is an element in the offense, the fact of intoxication, if shown, is to be considered. If it appears from the evidence that the prisoner was intoxicated at the time, and if you find that his state of intoxication was such that he had so far lost his intelligence and his reason and faculties that you have a reasonable doubt whether he was able to form and have a purpose to kill, or to know what he was doing, then you should find him not guilty of intent to kill."

Whatever may be the law on this subject in other jurisdictions, the charge was quite as favorable to the accused as he was entitled to under the law of this state. *State* v. *Johnson,* 41 Conn., 584. The accused has no grievance in this respect.

The accused offered himself as a witness. The court said to the jury—" He is to be regarded by you as every other witness is to be regarded. You are to take into consideration his appearance, his manner of testifying, the reasonableness of his story, and, above all, you are to take into consideration the fact that he is the accused in the case ; and, taking those facts into consideration, you are to give to his statements in court, or any statements made by him out of court, such effect and such force as you think they justly should have."

The defendant objects to this charge on the ground that the court, by the use of the words " above all," unduly emphasized the fact that he had the interest of an accused party. We see no ground for this complaint. The accused certainly was not entitled to have his evidence regarded as the evidence of a disinterested witness. We cannot see that the judge could have been understood as intending anything more than that.

There is no error in the judgment complained of.

In this opinion the other judges concurred.