## SUPPLEMENTAL OPINION.

### FRIDAY JUNE 19, 1914.

LADD, C. J.—All held in the third paragraph of the opinion heretofore filed was that there was no error in giving the twenty-first instruction saying (1) that voluntary intoxication

is no defense to crime, but (2) that it might be taken into consideration in determining whether defendant was capable of premeditation, deliberation, or willfulness, or of having a specific intent to kill. Whether it might be considered as tending to reduce murder in the second degree to manslaughter was not touched, though some excerpts quoted bear somewhat thereon.

It needs hardly to be said that if a drunken man takes the life of another, unaccompanied by circumstances of provocation or justification, the jury will be warranted in finding the existence of malice, though express malice has not been proven. But if there is evidence of provocation which, if acted upon immediately by a sober man, would be regarded as sufficient to reduce the offense to manslaughter, and the inquiry is whether the accused actually acted thereon, it is held by the weight of authority that evidence of intoxication may be considered in deciding whether the fatal act is to be attributed to malice, or to the passion of anger, excited by the previous provocation; such passion or anger being more easily excitable in an intoxicated person than in one who is sober. *Rafferty v. People,* 66 Ill. 118; *State v. McCants,* 1 Speers (S. C.) 384; *Jones v. State,* 29 Ga. 594; *State v. Johnson,* 41 Conn. 584; *People v. Rogers,* 18 N. Y. 9 (72 Am. Dec. 484) ; *Rex v. Thomas,* 7 C. & P. 817. Says Bishop, in volume 1, section 414, of Bishop's Criminal Law:

*9. SAME: intoxication: malice: evidence.*

The question is whether the killing was from a provocation given at the time, or from previous malice. Evidence of the prisoner's having been too drunk to carry malice may be admitted. And the consideration is not to be withheld from the jury, that his drunkenness may render more weighty the presumption of his having yielded to the provocation, rather than to previous malice, because of the fact that a drunken man's passions are more easily aroused than a sober one's.

This much has been said to indicate when and for what purpose evidence of intoxication may be considered in deter-

mining whether the killing was murder in the second degree
or manslaughter. There was evidence of prov-
ocation which, if believed, must have been
found sufficient, and if acted on by the accused
while under the dominion of passion, rather than because of
previous malice, would have reduced the offense to manslaugh-
ter. The court might well have told the jury that in passing
on the issue of whether defendant, in what he did, the provoca-
tion having been found sufficient, was dominated by passion or
previous malice, the evidence of intoxication might be con-
sidered. But the court did instruct the jury that unless the
defendant, in shooting his wife, acted with malice, either ex-
press or implied, he should be found guilty of manslaughter
only, and that all the evidence should be considered. This nec-
essarily included that bearing on the defendant's alleged intox-
ication. The court is not required to instruct upon every phase
of the evidence, unless specifically requested so to do, and there
was no error in omitting particular reference to the evidence
of intoxication, in the absence of such a request. True, the
subject was alluded to in instruction 21, refused, but not defi-
nitely, and the requested instruction was defective. Moreover,
there could have been no prejudice in omitting to instruct on
this subject. The defendant denied that he had been drinking,
and according to his testimony the killing was accidental, after
he had been shot by his wife; and, according to his admissions
outside of court, what he did was in self-defense, though pos-
sibly that he acted in anger might have been inferred. The
admission was that his wife shot him once or twice, and that
he dropped on his knees, took the gun from her, and shot her
three times. Even though he may have been somewhat under
the influence of intoxicating liquors, evidence thereof was of
little purpose; for he fired immediately after the shots claimed
to have been discharged by his wife—that is, within a few sec-
onds—and therefore evidence of drunkenness could have been
of but the slightest, if any, assistance in determining whether
he acted from passion or malice. As the instruction to consider

10. SAME: in-
structions:
necessity of
request.

all the evidence in passing on the issues was as definite as the incorrect instruction requested, there was no error in not instructing more specifically.

The petition for rehearing is overruled, as is also the application for reduction of sentence.

EVANS, WEAVER, and GAYNOR, JJ., concur.