## PROCTOR v. UNITED STATES.
### No. 10228.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 3, 1949.

Decided Oct. 17, 1949.

Mr. William E. Owen, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Robert M. Scott, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PRETTYMAN and PROCTOR, Circuit Judges.

PER CURIAM.

This case presents the question whether voluntary drunkenness constitutes a defense

Maki v. George R. Cooke Co., 6 Cir., 124 F.2d 663, 146 A.L.R. 1356; 16 Am. Jur. 110, 111.

to a charge of unauthorized use of a vehicle, under § 2204 of Title 22, District of Columbia Code (1940), which provides, inter alia: "Any person who, without the consent of the owner, shall take, use, operate, or remove, * * * an automobile or motor vehicle, and operate or drive * * * the same * * * for his own profit, use or purpose shall be punished * * *."

No rule is more firmly established than that voluntary drunkenness is no defense for a criminal act, unless specific intent or knowledge is an element of the offense, when drunkenness may be shown to prove mental incapacity to form the specific intent.

It is contended here that the crime involves a specific intent to temporarily appropriate the vehicle for a use inconsistent with the rights of the owner. That, of course, is a necessary result—the natural consequence of taking and using a vehicle without consent. But nothing in the statutory definition makes that result a special element of the offense itself. In our opinion, violation of the statute involves only a "general criminal intent," which may be presumed from doing the prohibited acts. This view, we think, does not conflict with the decision in Pennsylvania Indemnity Fire Corporation v. Aldridge, 1941, 73 App.D.C. 161, 117 F.2d 774, 133 A.L.R. 914. The judgment is

Affirmed.