STATE OF CONNECTICUT *v.* CHARLES P. DENNIS

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued December 6, 1962—decided January 15, 1963

*George R. Tiernan,* assistant state's attorney, with whom, on the brief, was *Arthur T. Gorman,* state's attorney, for the appellant (state).

*Edward B. Winnick,* with whom were *Arnold M. Potash* and, on the brief, *Alexander Winnick* and *Richard M. Vishno,* for the appellee (defendant).

BALDWIN, C. J. The state, pursuant to General Statutes § 54-96, has appealed from a judgment rendered on a verdict of not guilty. The information charged that the defendant "did commit certain acts likely to impair the morals of a minor child" in violation of § 53-21 of the General Statutes. The defendant at first pleaded guilty. The court ordered a presentence report, a copy of which was given to the defendant's counsel. Thereafter, the defendant moved to withdraw his plea, and the court granted the motion. The defendant then entered a plea of not guilty and elected a trial to a jury.

The state has assigned error in the granting of the defendant's motion to withdraw his plea of guilty and in the court's charge to the jury. The ruling on the motion was within the sound discretion of the court. *State* v. *Carta,* 90 Conn. 79, 82, 96 A. 411; note, 66 A.L.R. 628. There was no abuse of discretion in this ruling.

Section 53-21 of the General Statutes reads as follows: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life, or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both." The state claims to have proved that on Saturday evening, July 8, 1961, the defendant did certain perverted sexual acts with his seven-year-old daughter—acts, it is not disputed,

of such a base nature as to impair the morals of any minor child. The defendant claimed to have proved that he was a heavy drinker, that he had imbibed alcoholic liquor freely on the evening in question and that he remembered nothing of what had taken place.

In the charge, the court, after telling the jury that the defendant was accused of committing certain acts likely to impair the morals of a minor child, purported to quote from § 53-21 as follows: " 'Any person who shall wilfully or unlawfully cause or permit any child under sixteen years to be placed in such a situation that its morals are likely to be impaired' shall be punished." The court then stated that an essential element of the crime would be that "the accused wilfully caused or permitted . . . [his daughter] to be put in such a situation," and that "wilfully" meant "intentionally, with volition, and not passively acquiescent." As to the claim of the defendant that he had been intoxicated and remembered nothing of what had taken place, the court instructed the jury that, although voluntary drunkenness is in itself no excuse for crime, it becomes significant if it so affects the mind of an accused that he is made incapable of forming a rational intent or of controlling his will and that its presence to that extent negatives the existence of criminal intent. The state claims that these portions of the charge were erroneous. It argues that the statute deals with two separate and distinct classes of criminal conduct: (1) wilfully or unlawfully causing or permitting a minor under sixteen years of age to be placed in such a situation that his life or limb is endangered or his health is likely to be injured or his morals likely to be impaired; (2) doing any act likely to impair the health or

morals of such a minor. The state urges that the information charged the defendant with doing certain acts in violation of the second part of the statute, that the state was not required to prove that those acts were committed wilfully, and therefore that intoxication was not a defense.

The defendant points out that the second part of the statute is neither contained in a separate sentence nor set apart by a semicolon; there is merely a comma. He argues that there is thus demonstrated a legislative intent that the words "wilfully or unlawfully" qualify "does" in the second part of the statute as well as "causes or permits" in the first part. It is true that punctuation is a recognized aid to statutory construction, but it is not conclusive. *Connecticut Chiropody Society, Inc.* v. *Murray,* 146 Conn. 613, 617, 153 A.2d 412; 2 Sutherland, Statutory Construction (3d Ed.) p. 477; 50 Am. Jur., Statutes, § 253. The use of the disjunctive "or" between the two parts of the statute indicates a clear legislative intent of separability. *State* v. *Sul,* 146 Conn. 78, 89, 147 A.2d 686; *Harris* v. *Egan,* 135 Conn. 102, 105, 60 A.2d 922. In the *Sul* case, we were considering the obscenity statute (presently § 53-243), and we pointed out (p. 88) that "the words 'obscene, indecent or impure' are used with the disjunctive 'or,' indicating that material of the character described which falls within the meaning of any one of these words is material proscribed by the statute." And so, in the instant case, the phrase "wilfully or unlawfully causes or permits" deals with one class of conduct, and "does any act" deals with another.

The legislative history of § 53-21 is illuminating. The section was enacted substantially in its present form in 1943. Beginning in 1921, our statutes de-

fined as criminal conduct the causing or permitting of the situations of danger to minors which are set forth in the present statute. Public Acts 1921, c. 81; Rev. 1930, § 6061. In 1943, the legislature also defined as criminal conduct the doing of any act likely to impair the health or morals of any child under sixteen. The 1943 enactment, in its entirety, read: "Any person who shall wilfully or unlawfully cause or permit any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or shall do any act likely to impair the health or morals of any such child shall be fined not more than five hundred dollars or imprisoned not more than ten years or both." Sup. 1943, § 733g; Rev. 1949, § 8369. It is significant that in this 1943 legislation the phrase "wilfully or unlawfully" was inserted between "shall" and "cause or permit" in the first part of the statute but was not repeated at all in connection with "shall do any act," in the second part. Thus, "wilfully or unlawfully" modifies "cause or permit" only. In the Revision of 1958, the word "shall" was dropped in both portions of the statute, and the verbs were changed to the present tense. These changes, however, cannot be considered as manifesting an intent to alter the meaning and effect of the statute. *Castagnola* v. *Fatool,* 136 Conn. 462, 468, 72 A.2d 479, and cases cited.

The legislative history of § 53-21 also discloses that in 1921 the first part of the statute was added to an existing statute. Public Acts 1921, c. 81, amending Rev. 1918, § 6205. It was separated therefrom in 1943, and the second part was added. Sup. 1943, § 733g. If the 1921 legislation embraced conduct of the kind present in this case, the addition in

1943 of the second part of the statute would have accomplished nothing. The apparent legislative purpose in combining the two parts in a single section was to proscribe two general types of behavior likely to injure physically or to impair the morals of a minor under sixteen years of age: (1) deliberate indifference to, acquiescence in, or the creation of situations inimical to the minor's moral or physical welfare; see *State* v. *Smith,* 149 Conn. 487, 181 A.2d 446; and (2) acts directly perpetrated on the person of the minor and injurious to his moral or physical well-being. See *State* v. *Coulombe,* 143 Conn. 604, 124 A.2d 518; *State* v. *Silver,* 139 Conn. 234, 93 A.2d 154. The legislature undoubtedly had in mind acts of such a nature that a general criminal intent could be inferred from them. See *Proctor* v. *United States,* 85 U.S. App. D.C. 341, 342, 177 F.2d 656; *State* v. *Johnston,* 207 La. 161, 169, 20 So. 2d 741; *Steele* v. *State,* 189 Tenn. 424, 430, 225 S.W.2d 260; 1 Wharton, Criminal Evidence (12th Ed.) § 131.

The information charged the defendant with doing certain acts likely to impair the morals of a minor child, contrary to § 53-21. This allegation fell within the second part of the statute. Consequently, the language of the charge quoting from the first part of the statute was inappropriate and erroneous. The charge relating to the alleged intoxication of the defendant in effect allowed the jury to exculpate him on that account and therefore was erroneous. Voluntary intoxication is a defense in a criminal action only where proof of specific intent is required as an element of the crime charged. *State* v. *Fiske,* 63 Conn. 388, 391, 28 A. 572; *State* v. *Johnson,* 41 Conn. 584, 586; 1 Wharton, Criminal Law and Procedure § 45; Bishop,

Criminal Law § 406. Specific intent is not an element of the crime defined in the second part of § 53-21.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MURPHY, SHEA and ALCORN, Js., concurred; KING, J., concurred in the result.