STATE OF CONNECTICUT *v.* JOHN SULLIVAN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 9-25491

Argued June 26—decided September 29, 1967

---

*Louis W. Johnson,* of Middletown, for the appellant (defendant).

*Harry W. Edelberg,* prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant has appealed from his conviction of operating a motor vehicle while under the influence of intoxicating liquor and making an unsafe movement from a parked position, and assigns error in the court's charge and supplemental charge. It is not necessary to recite the facts of the case.

At the conclusion of the court's charge to the jury, the defendant took exception to the following instruction: "Now, in this particular case, members of the jury, the defendant, John M. Sullivan, took the stand and he testified. Under our law, the accused person is not obliged to take the witness stand on his own behalf. On the other hand, he has a perfect right to do so as Mr. Sullivan had done in this case. Now, when weighing the testimony which he has given, you should apply the same principles by which you test the testimony of any other witness. You will consider the importance to Mr. Sullivan of the outcome of this trial and his motives to that account for not telling the truth. You should consider an accused person having become a witness, he stands before you just like any other witness and he is entitled to the same consideration and must have his testimony measured in the same

way as any other witness, including, however, his interest in the verdict which you are about to render." The defendant excepted to the portion of the charge which pointed out to the jury the importance of the outcome of the trial as a motive for the defendant's not telling the truth. We see no ground for complaint. The defendant certainly was not entitled to have his evidence regarded as the evidence of a disinterested witness. We cannot see that the judge could have been understood as intending any more than that. *State* v. *Palko,* 122 Conn. 529, 534; *State* v. *Schleifer,* 102 Conn. 708, 725; *State* v. *Fiske,* 63 Conn. 388, 392.

The defendant further excepted to a portion of the charge in which the court stated that Dr. Stolman, who made an analysis of a sample of blood taken from the defendant, stated that in all reasonable probability the defendant was under the influence of intoxicating liquor to such an extent that he was unable to operate his automobile properly. Both counsel agreed that Dr. Stolman did not so testify, and the court recalled the jury and instructed them to disregard this portion of the charge, since the only testimony that Dr. Stolman gave was the result of his analysis. The defendant excepted to the supplemental charge in that by inference it continued to imply that Dr. Stolman had reached a conclusion. In reading the entire supplemental charge, we fail to see any grounds for exception.

We cannot say, upon a reading of the whole charge and supplemental charge, that harmful or prejudicial error was committed by the court.

There is no error.

DEARINGTON, KINMONTH and WISE, Js., participated in this decision.