[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
INTERIM MEMORANDUM OF DECISION
The parties to this action have filed 23 stipulations of fact together with 10 exhibits. The court finds all of the facts stipulated to and admits all 10 exhibits into evidence.
Whether or not the defendant insurance company has the duty to defend and to indemnify the plaintiffs under a certain "Homeowner's" insurance policy by virtue of Conn. Gen. Stat. 38-175.
Specific Facts
The plaintiffs, Robert LaRosa individually and as parent of Stacy and Roberta LaRosa, both minors, brought suit against one Armand Rouillard, (Rouillard) the insured of the defendant, Aetna Casualty and Surety Company, (Aetna) by reason of sexual abuse between Rouillard and the two named minors beginning with Stacy as early as the "fall of 1978". When the Second Revised complaint in the present action was filed February 2, 1987 CT Page 303 Stacy was still a minor. Thus that child was no more than eight years old at the time the sexual abuse began.
As to Roberta the sexual abuse began in August of 1981. As of February 2, 1987 she was still a minor and thus could have been no more than twelve and one-half years old when the abuse began.
On June 5, 1984 Rouillard was arrested on three charges; "Sexual Assault 2nd 53a-71 [and] Risk of Injury to a Minor53-21." The parties have stipulated that on June 11, 1984 he pled guilty to those charges and, of course, the court has found that as a fact.
In February or March of 1985 the plaintiffs filed suit in two counts against Chambers and Rouillard. The first count was on behalf of the minor Stacy and the second on behalf of the minor Roberta. Each alleged that Rouillard had sexually assaulted and abused the minor named in the count. Each paragraph 6 alleges, "As a result of the wilful and intentional sexual assaults and abuses of the defendant, Armand Roullard" the named minor suffered injury. The same claims of "wilful and intentional" actions are alleged in both paragraphs seven to have caused plaintiffs to incur costs.
Sometime in 1986 plaintiffs filed another suit against Chambers and Rouillard. The Second Revised Complaint in that action, dated February 2, 1987, is in two counts. The first Count concerns the minor Stacy and it alleges in paragraph 3 that Rouillard sexually assaulted and abused Stacy. In paragraph 6 it is alleged that such assaults and abuses "were the result of the negligence and carelessness" of Rouillard,
 "(a) In that he failed to warn the plaintiff, Stacy LaRosa, and her father, Robert LaRosa, of his violent propensities as described aforesaid;
 (b) In that he failed to properly supervise the plaintiff, Stacy LaRosa, when she was in the company of the defendant, Armand Rouillard;
 (c) In that although he knew or should have known of the sexual perversities and violent propensities as described aforesaid, he failed to report the same to the proper authorities and/or obtain medical help in treatment for his sexual perversities and violent CT Page 304 propensities."
Paragraphs 8 and 9 read as follows:
"8. As a result of the negligence and carelessness as well as the willful and intentional actions of the defendant, Armand Rouillard, and the negligence and carelessness of the defendant, Lorraine Chambers, as described aforesaid, the plaintiff Robert LaRosa, has incurred the necessary expenses for medical care and attention for his minor daughter and because of the permanent nature of her injuries, is likely to incur such costs for a long period of time in the future.
9. The defendant, Armand Rouillard, at the time that he committed the sexual assaults and abuses as described aforesaid, threatened the minor plaintiff, Stacy LaRosa, with bodily harm and fear if she would disclose to anyone these assaults and abuses and because Stacy LaRosa was under such duress from said threats as described above she did not disclose the same to the plaintiff, Robert LaRosa, until April 18, 1984."
The Second Count concerns a minor Roberta LaRosa (Roberta) and its allegations are essentially the same as those of the First Count except that the abused child is Roberta.
The defendant was made aware that the second suit had been filed against Rouillard and of the conduct alleged against him therein. The defendant retained counsel to defend Rouillard's co-defendant in that suit, Lorraine Chambers (Chambers).
Rouillard failed to appear in that suit and judgment against him on July 13, 1987 in the amount of $200,300.00 was entered. The claim against Chambers was subsequently withdrawn. A prior suit on the same facts had previously been dismissed by reason of Practice Book Section 251.
Further Proceedings
Since the time of the stipulation, the case of Aetna Casualty Surety Co. v. Jones, 220 Conn. 285 has been decided. A major claim in the instant case is based on the doctrine of collateral estoppel. The claim under that doctrine here is based on three pleas of guilty.
The two statutes under which Rouillard was charged and to which charges he pled guilty read as follows:
 Sec. 53a-71. Sexual assault in the second degree: Class C Felony: nine months not suspendable. (a) A person is guilty of sexual assault in the second degree CT Page 305 when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age, or (2) mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual intercourse, or years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare, or (5) in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person.
 (b) Sexual assault in the second degree is a class C felony for which nine months of the sentence imposed may not be suspended or reduced by the court.
 Sec. 53-21. Injury or risk of injury to, or impairing morals of, children. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both.
These statutes charge intentional acts. State v. Pierson,201 Conn. 211, 216-219; State v. Dennis, 150 Conn. 245, 250.
If Rouillard had been found guilty of the two statutory offenses after a trial plaintiffs would be collaterally estopped to relitigate the issue of his intentional acts. Aetna Casualty Surety Co. v. Jones, supra, 296-307.
Rouillard pled guilty to the three charges and was found guilty as to each.[1] In Aetna the court did "not decide . . . whether a judgment rendered on the basis of a criminal defendant's guilty plea could satisfy the requirements of full and fair litigation for the purpose of collateral estoppel." Id. footnote 22. If this court, without clear guidance from the supreme court, were to decide that a guilty plea could be so used it would do so only after a careful and thorough examination of "the record of [the] prior proceeding, taking into account the pleadings [the judicial canvass, and Rouillard's answers]". Ashe v. Swenson, 397 U.S. 436, 444
(1970). This the court does not have. CT Page 306
Because of the timing of Aetna (supra) and the court's belief that as a result the record is not complete, a hearing is ordered before the court on February 7, 1991 at 10:00 A.M. At that hearing, each party shall have the opportunity to present as full a record of the prior criminal proceeding as each believes necessary for this court to have before it to decide whether those guilty pleas and the findings of guilt can be used in the same manner as findings of guilt after a trial.
O'NEILL, J.