[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, who has been charged with Risk of Injury to a Child in violation of 53-21, has moved pursuant to Practice Book § 815 to dismiss this case.
The facts as represented in the Arrest Warrant Application may be summarized as follows. The defendant stored movies and magazines which contained sexually explicit scenes in an unlocked cabinet located in her bedroom. At various times between 1993 and 1995, her son, who was 11 years of age at the time of the arrest, CT Page 11608 would enter the mothers bedroom and search for those materials. He would "read" the magazines or watch the movies "while his mother was occupied." The arresting officer concluded that "this accused was negligent in not securing the sexually explicit video materials and magazines whose contents when viewed by a juvenile were likely to impair the morals of the juvenile. . ."
The issue before the court is not whether this conduct is neglectful of this child[1], or whether this child should be placed with the Department of Children and Families[2], nor is the issue whether this defendant should have her parental rights terminated[3]. The issue presented is whether the defendant's negligent conduct is criminal within the meaning of the risk of injury statute. The court concludes that it is not and that the motion to dismiss should be granted.
The statute under which the defendant has been charged reads as follows:
Sec. 53-21. Injury or risk of injury to, or impairing morals of, children. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both. (1949 Rev., S. 8369.)
In the case of State v. Dennis, 150 Conn. 245, 188 A.2d 65
(1963), the Supreme Court analyzed this statute and determined that there were two very distinctive portions of the statute, one portion, the first, requires specific intent on the part of the accused and the second part requires only a general criminal intent, it does not require specific intent.
The apparent legislative purpose in combining the two parts in a single section was to proscribe two general types of behavior likely to injure physically or to impair the morals of a minor under sixteen years of age: (1) deliberate indifference to, acquiescence in, or the creation of situations inimical to the minor's moral or physical welfare; see State v. Smith, 149 Conn. 487,181 A.2d 446; and (2) acts directly perpetrated on the person of the minor and injurious to his moral or physical well-being. See State v. Coulombe, 143 Conn. 604, 124 A.2d 518; StateCT Page 11609v. Silver, 139 Conn. 234, 93 A.2d 154. The legislature undoubtedly had in mind acts of such a nature that a general criminal intent could be inferred from them. See Proctor v.United States, 85 U.S. App. D.C. 341, 342, 177 F.2d 656; State v.Johnston, 207 La. 161, 169, 20 So.2d 741; Steele v. State,189 Tenn. 424, 430, 225 S.W.2d 260; 1 Wharton, Criminal Evidence
(12th Ed.) 131." State v. Dennis, at 250.[4]
This is not a case dealing with common law negligence[5]
nor is it a case dealing with "criminal negligence"[6]. Neither of those concepts is mentioned in the statute. Sec. 53a-5
describes the need to specifically mention the operative legal words required for criminal liability:
Criminal liability; mental state required. When the commission of an offense defined in this title, or some element of an offense, requires a particular mental state, such mental state is ordinarily designated in the statute defining the offense by use of the terms "intentionally", "knowingly", "recklessly" or "criminal negligence", or by use of terms, such as "with intent to defraud" and "knowing it to be false", describing a specific kind of intent or knowledge. When one and only one of such terms appears in a statute defining an offense, it is presumed to apply to every element of the offense unless an intent to limit its application clearly appears.[7]
The defendant in this case is not charged with "wilfully or unlawfully" keeping sexually explicit materials, but rather with negligently storing those materials. Webster's CollegeDictionary, Random House, Inc (1991), defines neglect "to pay no attention or too little attention to; disregard or slight."State v. Dennis, supra, indicates that the first portion of this statute, under which the defendant is charged, requires am intention to violate, that is, wilful conduct. In the Dennis
case, then Judge, later Justice, Alva Loiselle then stated that an essential element of the crime would be that "the accused wilfully caused or permitted . . . [her son] to be put in such a situation," and that "wilfully" meant "intentionally, with volition, and not passively acquiescent." Id.
Under Connecticut law:
53a-3 (11) A person acts "intentionally" with respect to a result or to conduct when his conscious objective is to cause such result or to engage in such conduct; CT Page 11610
This court concludes that a negligent act, as that term is understood in the vernacular, is wholly inconsistent with an intentional or wilful act as those terms are recognized under existing Connecticut criminal law. Accordingly, the court finds that under the facts of this case the defendant cannot negligently violate the first part of § 53-21 under theDennis analysis.
The defendant has raised claims under the Federal constitution, maintaining that the statute is vague and violates her protected "speech" rights.[8] Since the court has found that the action should be dismissed it is not necessary to reach those claims.
The motion to dismiss is granted for the reasons set forth herein.
Foley, J.