[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO DISMISS BY LOCAL 834 and CITY OF BRIDGEPORT
The plaintiffs, twenty-nine members of the Bridgeport fire department who served for at least three years prior to January 27, 1999, in the positions of fire assistant chief engineer,[1] fire captain[2] or fire lieutenant,[3] bring this second amended verified complaint, as amended on August 5, 1999,[4] against the defendants, the city of Bridgeport; the international association of firefighters, local 834; the Bridgeport civil service commission; John Colligan, city of Bridgeport personnel director; the Bridgeport city attorney; and twelve members of the Bridgeport fire department who served for at least one year in the positions of fire captain[5] or fire assistant chief engineer[6] prior to their applying for promotion to fire assistant chief engineer or fire deputy chief. The complaint seeks declaratory and injunctive relief for the purpose of nullifying a settlement agreement between the union and the city that reduces the time in grade requirement for promotional testing eligibility from three years to one year for the positions of fire captain, fire assistant chief engineer and fire deputy chief. The union and the city now file separate motions to dismiss the complaint on the ground that the plaintiffs lack standing, thus depriving the court of subject matter jurisdiction.
The plaintiffs allege the following facts. The civil service commission, pursuant to the city charter and the civil service provisions and rules, is empowered to establish eligibility qualifications and testing requirements for competitive job classifications in various city departments, including the fire department. Colligan, as personnel director, is responsible for conducting promotional examinations for the competitive divisions of the classified service.
On December 15, 1998, the commission and Colligan published notices announcing that competitive promotional examinations for the positions of fire assistant chief engineer and fire deputy chief would be held on January 27, 1999. The December notices stated that candidates for the position of fire assistant chief engineer must have held the position of fire captain for at least three years preceding January 27, 1999, and that candidates for the position of fire deputy chief must have held the position of fire assistant chief engineer for at least three years preceding January 27, 1999. For the past thirty years, the commission has required three years time in grade as a prerequisite to taking the promotional examination for both positions, except in rare emergency circumstances. CT Page 8597
Following publication of the December notices, each of the plaintiffs applied to take the examination for which he was qualified. Each of the defendant firefighters also applied to take the examination for which he claimed to be qualified by virtue of having completed one year time in grade.
Thereafter, Colligan denied the defendant firefighters' applications for lack of the requisite three years time in grade. The defendant firefighters appealed the denials to the commission, which affirmed Colligan's decision on January 19, 1999, following a public hearing. Two days later, the plaintiffs received a notice signed by Colligan that their applications to take the examinations tentatively were accepted. However, on January 26, 1999, the plaintiffs received another notice signed by Colligan canceling the examinations. The notice stated that "[a]s a result of a settlement agreement between the city of Bridgeport and the I.A.F.F. Local 834, the time in grade requirement for eligibility to take the . . . examination has been reduced to one year for this examination." The cancellation notice also stated that Colligan had been instructed by the city attorney's office that the settlement agreement was legal and binding.
The settlement agreement referred to in the cancellation notice purportedly resolves an action entitled International Assn. ofFirefighters Local 834, et al. v. Bridgeport Civil Service Commission, etal., Docket No. 342821, as well as a writ of mandamus complaint returned to the Superior Court on February 24, 1998. Both actions were commenced by the union, of which the plaintiffs and defendant firefighters are members. One provision of the settlement agreement states that "[a]pplicants with one year time in grade shall be eligible to take the Captain's exam, Assistant Chief's exam and Deputy Fire Chief's exam." The union and the city entered into the settlement agreement, however, without the knowledge or authority of the commission, Colligan or the union's general membership, including the plaintiffs, and the agreement was not approved by the court.
Pursuant to the Bridgeport city attorney's instruction to the commission and personnel director that the settlement agreement was lawful, the commission and personnel director posted revised notices on March 9, 1999, announcing that competitive examinations for the positions of fire assistant chief engineer and fire deputy chief would take place on April 15, 1999, and changing the time in grade requirements for both positions from three years to one year. Accordingly, each of the defendant firefighters is now eligible to take the examination for which his application was previously denied. CT Page 8598
On March 31, 1999, pursuant to the city attorney's prior instruction, the commission and Colligan again issued revised notices of examination for the positions of fire assistant chief engineer and fire deputy chief, further reducing the time in grade requirement by providing that the examinations would be open to persons having a tenured position of fire captain or fire assistant chief for not less than one year preceding May 29, 1999. The revised notices were issued as a result of an amendment to the settlement agreement dated March 30, 1999. The amendment was executed by the union, acting through its president, Ron Morales, without the knowledge or authority of the commission, Colligan or the union's general membership, including the plaintiffs.
On May 28, 1999, the commission and Colligan published a notice announcing that a competitive promotional examination for the position of fire captain would be held on July 10, 1999. The notice stated that the examination would be open to members of the Bridgeport fire department who had occupied the position of fire lieutenant for one year prior to July 30, 1999. The notice stated that the one year time in grade requirement had been established pursuant to the amended settlement agreement, which the city attorney instructed was lawful. For the past thirty years, the commission has required three years time in grade as a prerequisite to competing for promotion to the position of fire captain, except in rare emergency circumstances.
The plaintiffs allege that the amended settlement agreement is not legally binding on the commission and the personnel director, as instructed by the city attorney, because it is in violation of the city charter and General Statutes § 7-474 (g). The plaintiffs also allege that the time in grade requirements established by the settlement agreement will cause them to suffer irreparable injury and harm because a greater number of qualified competitors will be eligible for each of the positions in question. The plaintiffs accordingly request declaratory and injunctive relief to restrain the civil service commission and the personnel director from holding the examinations for the positions of fire captain, fire assistant chief engineer and fire deputy chief until the court decides whether the time in grade requirements established by the settlement agreement are valid, binding and consistent with the civil service provisions of the city charter and General Statutes § 7-474
(g). In response, the union and the city each have filed a motion to dismiss the complaint on the ground that the court does not have subject matter jurisdiction because the plaintiffs lack standing.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.CT Page 8599Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983); see also Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "The motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988).
 A Failure to Exhaust Administrative Remedies
The union first argues that the plaintiffs have failed to exhaust their administrative remedies because they did not file a prohibited practice claim with the state board of labor relations. The union contends that the plaintiffs' claim falls within the purview of General Statutes §7-471 (5), which grants to the labor relations board exclusive authority to investigate whether a practice prohibited under §§ 7-467 to 7-477
has been committed by a municipal employer or employee organization. The union thus argues that, before the plaintiffs can appeal to the Superior Court, the board first must determine whether the union and the city committed a prohibited practice by negotiating changes to the time in grade requirements for the positions in question through the collective bargaining process. The plaintiffs reply that the union provides no authority to support its claim, and that there is no evidence in the record that the settlement agreement contains terms and conditions regarding administrative remedies where the collective bargaining process itself is challenged.
"Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown, 245 Conn. 657,716 A.2d 50 (1998).
General Statutes § 7-471 describes the powers of the state board of labor relations. Section 7-471 (5) provides in relevant part: "Whenever a question arises as to whether a practice prohibited by sections 7-467 to CT Page 86007-477 . . . has been committed by a municipal employer or employee organization, the board shall consider that question in accordance with [a specified administrative procedure]. . . ."
General Statutes § 7-470 describes prohibited acts of employers and employee organizations. Subsection (a) provides in relevant part that municipal employers or their representatives are prohibited from "(1) [i]nterfering, restraining or coercing employees in the exercise of [certain guaranteed] rights . . . (2) dominating or interfering with the formation, existence or administration of any employee organization; (3) discharging or otherwise discriminating against an employee because he has signed or filed any affidavit, petition or complaint or given any information or testimony under sections 7-467 to 7-477, inclusive; (4) refusing to bargain collectively in good faith with an employee organization . . .; (5) refusing to discuss grievances with the representatives of an employee organization . . .; (6) refusing to comply with a grievance settlement . . . in accordance with the provisions of section 7-472 [on mediation by the state board of mediation and arbitration]." Subsection (b) provides in relevant part that employee organizations or their agents are prohibited from "(1) [r]estraining or coercing . . . employees in the exercise of [their guaranteed rights] and . . . a municipal employer in the selection of his representative . . .; (2) refusing to bargain collectively in good faith with a municipal employer . . .; (3) breaching their duty of fair representation . . .; (4) refusing to comply with a grievance settlement . . . in accordance with the provisions of section 7-472."
Section 7-474 (g) provides in relevant part: "Nothing herein shall diminish the authority and power of any municipal civil service commission, personnel board, personnel agency or its agents established by statute, charter or special act to conduct and grade merit examinations. . . . The conduct and grading of merit examinations shall not be subject to collective bargaining, provided once the procedures for the promotional process have been established by the municipality, any changes to the process proposed by the municipality concerning [the necessary qualifications for taking a promotional examination] shall be subject to collective bargaining. . . .
In the present case, the union fails to specify how the plaintiffs' claim that the union and the city violated § 7-474 (g) by improperly negotiating changes to the time in grade requirements constitutes a prohibited practice pursuant to § 7-470, thus requiring use of the administrative grievance procedure described in § 7-471 (5). Furthermore, the record is devoid of evidence that the settlement agreement contains provisions for an administrative remedy in the event that a union member claims aggrievement based on a violation of § 7-474
CT Page 8601 (g). The union, therefore, has failed to persuade this court that the plaintiffs' claim constitutes a prohibited practice under § 7-470
subject to the grievance procedure described in § 7-471 (5). Accordingly, the plaintiffs do not lack standing on the ground that they have failed to exhaust their administrative remedies.
 B The Settlement Agreement
The city and the union next argue that the plaintiffs lack standing because the settlement agreement is legal and binding. They contend that both the plaintiff and the defendant firefighters, as union members, are bound by agreement provisions reducing the time in grade requirements from three years to one year, and that permitting additional applicants to take the promotional examinations in question does not result in an injury to a legally protected interest, as each plaintiff is still eligible to participate in the examinations. The plaintiffs reply that the amended settlement agreement is not binding on the parties thereto. They reply that the time in grade requirements at issue were not the proper subject of collective bargaining because the changes in the requirements were not proposed by the city, and that the agreement was not duly executed and approved by the necessary authorities.
"[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." StamfordHospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "Standing is the legal right to set the judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.)Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764, 768, 594 A.2d 468
(1991). "The fundamental aspect of standing . . . [is that] it focuses on the party seeking to get his complaint before [the] court and not on the issues he wishes to have adjudicated." (Internal quotation marks omitted.) University of Connecticut Chapter, AAUP v. Governor,200 Conn. 386, 389, 512 A.2d 152 (1986). "[T]he question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." (Internal quotation marks omitted.) Connecticut Assn. of Boards of Education, Inc.v. Shedd, 197 Conn. 554, 558, 499 A.2d 797 (1985). Accordingly, a party properly requests adjudication if he makes "allegations of a colorable claim of injury to an interest which is arguably protected or regulated CT Page 8602 by the statute or constitutional guarantee in question." State v.Pierson, 208 Conn. 683, 687, 546 A.2d 268 (1988), cert. denied,489 U.S. 1016, 109 S.Ct. 1131, 103 L.Ed.2d 193 (1989). "Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citation omitted; internal quotation marks omitted.) Board of Pardons v. Freedomof Information Commission, 210 Conn. 646, 649, 556 A.2d 1020 (1989).
In Walker v. Jankura, 162 Conn. 482, 485, 294 A.2d 536 (1972), the court observed that the "civil service provisions [of the charter of the city of Bridgeport] give to the commission full discretion to make a determination of the prerequisite qualifications of experience for admission of a candidate to a promotional examination." In Murchison v.Civil Service Commission of the City of Waterbury, 234 Conn. 35, 45-46,660 A.2d 850 (1995), the court stated that the legislature intended qualifications for taking promotional examinations to be within the scope of the "conduct and the grading of merit examinations" for purposes of § 7-474 (g). The Murchison court thus determined that the power to decide such qualifications belongs to the civil service commission, personnel board or its designated agents, subject to the exception that, when changes to an established process are proposed by the municipality, collective bargaining is required. See id; see also General Statutes § 7-474 (g)
Here, the plaintiffs allege that the union, not the commission or its duly authorized agent, proposed the change in time in grade requirements from three years to one year, and that the settlement agreement was entered into without the knowledge or authority of the commission and the personnel director. (See Second Amended Verified Complaint, ¶¶ 22, 32, 33.) Accordingly, construing the allegations in a manner most favorable to the pleader, the court finds that the plaintiffs allege a colorable claim of injury to interests which are arguably protected by the Bridgeport city charter and § 7-474 (g) of the General Statutes, and thus have standing to bring their complaint.
 C Bridgeport City Charter
The union finally argues that the plaintiffs lack standing because the injury they allege is precluded by the clear, unambiguous language of the city charter. The union argues that Chapter 17 § 211 of the charter provides that promotional tests shall be open to all persons who have held a position in a lower rank for one year or more. The union, therefore, contends that the plaintiffs may not claim injury based on a reduction in the time in grade requirement to one year, and that the commission, CT Page 8603 Colligan and the city of Bridgeport may not establish a three year time in grade requirement for the positions in question. The plaintiffs reply that the validity of the settlement agreement, not § 211 of the charter, is the issue being litigated, and that § 211 is irrelevant to a determination of whether they have standing to bring their complaint.
In 1935, the state legislature passed a special act amending the Bridgeport city charter for the purpose of creating a civil service system and, since that time, promotions within the fire department have been governed by charter procedures. See 22 Spec. Acts 261, No. 407 (1935). Pursuant to chapter 17 § 205 of the charter, the positions of fire captain, fire assistant chief engineer and fire deputy chief are part of the competitive division of the classified service, and are subject to commission rules and regulations.
Chapter 17 § 206(a) of the charter provides in relevant part: "The members of the civil service commission shall . . . [a]fter public hearing, adopt and amend rules and regulations for the administration of the chapter which shall have the force and effect of law, upon a majority vote of the city council and approval by the mayor. . . .
Chapter 17 § 207 provides in relevant part: "The personnel director shall . . . prepare and recommend rules and regulations for the administration of this act, administer such rules and regulations and propose amendments thereto . . .
Chapter 17 § 211 provides in relevant part: "The personnel director shall . . . hold tests for the purpose of establishing employment lists for the various positions in the competitive division of the classified service. . . . Promotion tests shall be public, competitive and free only to all persons . . . who have held a position for one year or more in a class or rank previously declared by the commission to involve the performance of duties which tend to fit the incumbent for the performance of duty in the class or rank for which the promotion test is held. . . . A person who has served less than one year in a lower grade shall not be eligible for a promotion test."
In the present case, the plaintiffs' complaint is directed to the settlement agreement, not to the charter. To the extent that the plaintiffs rely on the charter to support their claim, they do so not because the settlement agreement changed the time in grade requirements to one year, but because the agreement did not accomplish this change according to prescribed charter procedures. Specifically, the plaintiffs allege that neither the civil service commission nor the personal director proposed the change, and that the union and the city entered CT Page 8604 into the settlement agreement without the knowledge or authority of the commission or the personnel director. (See Plaintiff's Second Amended Verified Complaint, ¶¶ 15, 22, 23, 26, 32, 33.) Since the time in grade requirement contained in § 211 of the city charter is irrelevant to a determination of these issues, it has no bearing on whether the plaintiffs lack standing to bring their complaint.
Even if it were relevant to the issue of standing, however, the defendants' claim that § 211 clearly and unambiguously establishes a one year time in grade requirement would nonetheless fail. In interpreting the phrase "one year or more" as used in § 211, the court relies on the well established rule that in cases where the disjunctive "or" is used to separate parts of a statute, "absent any indication that one [term] is subordinate to the other or that one is meant to define the other, each [term] . . . must be given equal weight as an independent limitation." Vitti v. Allstate Insurance Company,245 Conn. 169, 195, 713 A.2d 1269 (1998). See also State v. Payne,240 Conn. 766, 773, 695 A.2d 525 (1997) ("The use of the disjunctive "or" between the two parts of the statute indicates a clear legislative intent of separability."); State v. Dennis, 150 Conn. 245, 248, 188 A.2d 65
(1963). Therefore, absent any indication elsewhere in § 211 that the words "or more" are meant to modify, rather than provide an alternative to, the term "one year," this court concludes that use of the word "or" in the disputed portion of § 211 clearly signifies that the commission and the personnel director are permitted to impose a time in grade requirement greater than one year, where deemed appropriate.[7]
This intepretation is supported by the fact that, had the intent been to establish a time in grade requirement that did not exceed one year, it would have been unnecessary to add the disjunctive ""or more' following the term ""one year. Accordingly, the court concludes that § 211 clearly and unambiguously permits the civil service commission and the personnel director to establish time in grade requirements of more than one year for promotional testing eligibility in the competitive division of the classified civil service.
For all of the foregoing reasons, the plaintiffs have standing to bring their complaint and the court denies the defendants' motions to dismiss for lack of subject matter jurisdiction.[8]
 The Court By Nadeau, J.